IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BENONI AMPONSAH, RONALD BROOKS, BRUCE CASE, HENRY COOPER, PEDRO DAVILA, ALBERT EXUM, DOMINIQUE FENNELL, CODY GARDINO, JAMES GLADDEN, JODI HODGES, ANTHONY JELKS, AMEER LAWTON, CHARLES MCWILLIAMS, MICKONEN MICKAEL, KERRY PAGE, DEREK PEGUES, HERU TCHAAS, CALVIN WILLIAMS, COURTNEY GAYLE, JOSE ISTURIZ, WINSTON TEW, and OLBIN VELEZ, | Case No. 1:14-cv-03314-ODE |
| Plaintiffs, | JURY TRIAL DEMANDED |
| v. | |
| DIRECTV, INC., DIRECTV, LLC, MASTEC NORTH AMERICA, and MULTIBAND CORP., | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
MULTIBAND CORPORATION'S MOTION TO DISMISS COMPLAINT**

Defendant Multiband Corporation ("Multiband"), by and through its undersigned counsel, hereby submits the following Memorandum of Law in support of its Motion to Dismiss the Complaint as against Multiband:

## I.   <u>**PRELIMINARY STATEMENT**</u>

This lawsuit, filed on October 15, 2014, is brought by twenty-two (22) current and former satellite and installation technicians who purport to bring individual claims under the Fair Labor Standards Act ("FLSA") against DIRECTV, MasTec North America ("MasTec"),   and Multiband Corp. (collectively "Defendants").[1]  Specifically, Plaintiffs allege that Defendants are liable for violating the minimum wage and overtime provisions of the FLSA.

Of the 22 Plaintiffs in this case, **only one**, Calvin Williams, purports to bring any claims against Multiband.   However, under the standard two-year FLSA statute of limitations, Mr. Williams' claims against Multiband are time-barred and must be dismissed (leaving no claims against Multiband and requiring its dismissal from the case).   There are no facts supporting a willful violation.   Also, there are no grounds for equitable tolling here, and the relation-back doctrine does not save Mr. Williams' claims against Multiband.   This is particularly true here, where Mr. Williams clearly knew of Multiband, but for tactical reasons (*i.e.*, avoiding Multiband's arbitration agreements), chose, for his own benefit, not to bring his

---

[1] Effective January 1, 2012, DIRECTV, Inc. merged into DIRECTV, LLC and out of existence. Accordingly, although Plaintiffs have named two Defendants, only one, DIRECTV, LLC, currently exists.  Throughout this brief, DIRECTV, Inc. and DIRECTV, LLC are collectively referred to as DIRECTV.

DM2\5334523.2

claims against Multiband in a prior action in which he brought the same FLSA claims against DIRECTV.

Even if certain claims made by Mr. Williams are not time-barred, Mr. Williams should be dismissed on the grounds that he fails to identify any direct employer, and the Complaint does not state a plausible joint employer relationship for Multiband.   As set forth above and in detail below, the Complaint against Multiband should be dismissed as pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.      FACTUAL BACKGROUND[2]

### A.      Mr. Williams' Allegations

In this lawsuit, one former satellite and repair technician, Calvin Williams, attempts to bring overtime and minimum wage claims under the FLSA against Multiband.   Mr. Williams alleges that he worked for DIRECTV, DTV Home Services II, LLC, and Multiband "[b]etween approximately 2008 and 2011."   *See* Complaint ¶ 156.   He does not specify in which month his alleged work for Multiband ended.   Moreover, Mr. Williams does not allege that Multiband was his employer (it was not; he was employed by a company called was actually employed by a company called Integrated Installation).   Rather, he alleges that he

---

[2] Solely for purposes of this Motion to Dismiss the Complaint and for no other purpose, the allegations made by the Plaintiffs in the pleadings will be deemed to be true.

"routinely worked . . . as a technician for DIRECTV, DTV Home Services II, LLC, and Multiband . . . ." *See* Complaint ¶ 156.  Also, the Complaint alleges that "hiring is generally done at the Providers' level," and states that the "Provider Network is comprised of principal intermediaries that DIRECTV dubs its Home Service Providers ("HSPs"), secondary intermediaries deemed "Secondary Providers," **as well as a patchwork of largely captive entities that are generally referred to as subcontractors**." *See* Complaint ¶¶ 36; 58 (emphasis added).  In other words, the Complaint does not specifically allege that Multiband was Mr. Williams' employer and, in fact, suggests that he may have been hired by a subcontractor (which, in fact, he was).  Similarly, the Complaint contains a barebones allegation that "**Through the Providers**, DIRECTV exercises significant control over Plaintiffs' daily work lives," and "determined whether Plaintiffs' work merited compensation." *See* Complaint ¶¶ 59-60 (emphasis added).  However, this allegation is not directed at Multiband and may refer to one of the "secondary intermediaries" or "subcontractors" included in the alleged "Provider Network." *See* Complaint ¶¶ 36; 58.

### B.    Mr. Williams' Prior Lawsuits

For Mr. Williams, this lawsuit represents the third attempt to bring the same FLSA claims against DIRECTV and the second attempt to bring these claims

4

against Multiband.  Mr. Williams was a former opt-in to an FLSA collective action in the case of *Lang v. DIRECTV, et al.*, No. 10-1085-NJB.  The *Lang* case was filed against DIRECTV (among other defendants), <u>but not Multiband</u>.  It was pending in the District Court for the Eastern District of Louisiana until the Court decertified the conditionally certified collective and dismissed the claims of the opt-ins without prejudice.  *See* Complaint ¶ 83.

After their claims in the *Lang* case were dismissed, Mr. Williams then attempted to pursue his FLSA claims in the District Court for the Central District of California in the case of *Acfalle v. DIRECTV, et al.*, Case No. 13-8108 ABC. *See* Complaint ¶ 84.  The *Acfalle* case was filed on November 1, 2013 against DIRECTV <u>and Multiband</u> (among other HSPs).  *See Acfalle* Docket No. 1. There were 278 individual plaintiffs in *Acfalle* who worked in thirty different states.  *See Acfalle* Docket No. 71.  Defendants in *Acfalle* moved to sever the claims of the plaintiffs because their individual FLSA claims were all asserted in the same lawsuit.  The Court then dismissed the claims of the plaintiffs who were asserting only FLSA claims, including the claims of the Mr. Williams in *Lang*, without prejudice to refile their claims in a court closer to their home state or where they were employed.  *See* Complaint ¶ 84.

In addition to this case, Plaintiffs' counsel has filed approximately 40 other "cookie-cutter" cases alleging FLSA violations against DIRECTV (and, in most instances, against one or more HSPs, including Multiband in 13 instances). Plaintiffs' attorneys have also filed a Motion for Consolidation and Transfer of 11 of these cases to the Judicial Panel on Multidistrict Litigation ("MDL") pursuant to 28 U.S.C. § 1407, and have indicated in their Motion that they will seek to have this case consolidated as well.   DIRECTV and the HSPs have opposed MDL consolidation and the matter is fully briefed.   The Motion for Consolidation and Transfer has been scheduled for hearing by the MDL Panel on January 29, 2015.

## III.   ARGUMENT

### A.   Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the Complaint against the pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure.  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."   As the Supreme Court has explained, the purpose of the rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted); *see also*

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

In order to survive a motion to dismiss, a cause of action must be supported

by "enough facts to state a claim to relief that is plausible on its face." *Twombly*,

550 U.S. at 570.  While Federal Rule of Civil Procedure 8(a)(2) does not require

detailed factual allegations, "it demands more than an unadorned, the-defendant-

unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  Hence, a pleading

that offers only "labels and conclusions" or "a formulaic recitation of the elements

of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Nor will a complaint

that tenders merely "'naked assertion[s]' devoid of 'further factual enhancement.'"

*Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Under this standard, "[a] claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  The

plausibility standard "asks for more than a sheer possibility that a defendant has

acted unlawfully." *Id.*  "[W]here the well-pleaded facts do not permit the court to

infer more than the mere possibility of misconduct, the complaint has alleged – but

it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting

Fed. R. Civ. P. 8(a)(2)).  As a result, even a complaint that pleads facts that are

consistent with a defendant's liability is insufficient.  *Id.*  Rather, the facts in the complaint must allow the court to reach a reasonable inference that the defendant is liable.  *Id.*  A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate "if it is apparent from the face of the complaint that the claim is time-barred."  *Perez v. FedEx Ground Package Sys.*, No. 14-11724, 2014 U.S. App. LEXIS 18630 (11th Cir. Sept. 30, 2014) (*quoting La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (internal quotation marks omitted)).

### B.    Mr. Williams' FLSA Claims Against Multiband Are Time-Barred

Mr. Williams' claims against Multiband are time-barred.   First, the Complaint fails to sufficiently plead "willfulness" to invoke a three-year, rather than the standard two-year, FLSA statute of limitations.  *See, e.g.*, *Rowlett v. Michigan Bell*, No. 1:11-cv-1269, 2013 U.S. Dist. LEXIS 10134, at **4-5 (W.D. Mich. Jan. 25, 2013) (adopting Magistrate Judge's order dismissing FLSA claim as time-barred under two-year statute of limitations, because "while Plaintiff makes the conclusory assertion that [Defendant] acted willfully, Plaintiff has failed to allege any facts which would establish such."); *Mell v. GNC Corp.*, No. 10-945, 2010 U.S. Dist. LEXIS 118938, at **25-26 (W.D. Pa. Nov. 9, 2010) (failure to plead "willful" violation when there were "no factual allegations which would support a claim that the violations were willful, for example, reports of complaints

8

to supervisors about having to work off the clock which were rebuffed or ignored"); *Ochoa v. Pearson Educ.*, No. 11-cv-1382 (DMC-JAD), 2012 U.S. Dist. LEXIS 3802, at **9-10 (D.N.J. Jan. 12, 2012) (allegation that plaintiff was instructed not to report more than 40 hours of work per week, regardless of the quantity of hours worked, insufficient to invoke willfulness for three-year statute of limitations) (citations and quotations omitted); *see also Manning v. City of Scottsboro*, Civil Action No. CV-12-S-4108-NE, 2013 U.S. Dist. LEXIS 12188, at *12 (N.D. Ala. Jan. 30, 2013) (holding plaintiff's allegations were sufficient to state a willful violation where plaintiff alleged that defendant knew he was performing work while off-duty, but failed to compensate him for that work; that he frequently complained to his commanding officers that he was not being adequately compensated for his canine care duties; and that defendant failed to keep accurate records of the time he worked, which suggests that defendant may have been willfully blind to whether he was owed overtime pay; in the instant *Amponsah* case, Mr. Williams alleged no such facts).

The *Acfalle* action was filed by Mr. Williams (among others) on November 1, 2013. The filing of the *Acfalle* complaint was the first time Mr. Williams asserted his FLSA claims against Multiband. According to the Plaintiffs' Complaint, Mr. Williams worked for DIRECTV and Multiband between

"approximately 2008 and 2011." Going back two years from the date *Acfalle* was filed, any claims that accrued prior to November 1, 2011, two years before the filing of the *Acfalle* complaint, are time-barred. Mr. Williams has failed to sufficiently allege that he performed any work for Multiband in November and December 2011. Rather, his Complaint merely states that he performed work for Multiband (among other Defendants) **between** 2008 and 2011. If Mr. Williams worked in the months of November and December 2011 (or had claims that accrued during those months), he would know that, and his Complaint would say that. It does not allege that, and he simply cannot save his time-barred claims against Multiband by alleging that he worked for Multiband, and other entities, at unspecified time periods between "approximately" 2008 and 2011.[3]   *See, e.g.*, *Ackley v. City of Fort Lauderdale*, No. 07-60960, 2007 U.S. Dist. LEXIS 73118, at **3-4 (S.D. Fla. Oct. 1, 2007) ("The Court concludes that although the Complaint is sufficient as to how and why the allegations make out a case for violations of the FLSA, the Complaint should be dismissed for failure  to set forth the operative

---

[3] Multiband records show that Mr. Williams was never a Multiband employee; rather he was employed by a company called Integrated Installation.  The last job he closed with Integrated Installation was on January 30, 2011.  This explains why he did not allege that he performed any work for Multiband or otherwise in November and December 2011. He did not.

dates of Plaintiff's employment, particularly because the FLSA statute has a two or three year limitations period.").

Additionally, Mr. Williams' claims against Multiband are rendered particularly implausible by the fact that he fails to plead the identity of the entity that actually employed him or whether he had an independent contractor relationship with any entity.  As such, he has not specified the timeframe within which he was employed by (or had a contractual relationship with) any such entity. Rather, he has plead only that he "performed work for" each of the Defendants at unspecified time periods between 2008 and 2011, and while he pleads that "hiring is generally done at the Providers' level," his Complaint states that the "Provider Network" includes not just HSPs like Multiband, but also secondary intermediaries and subcontractors.  *See* Complaint ¶¶ 36; 58.  Yet, the Complaint fails to specify whether Mr. Williams was employed by Multiband or by one of the alleged second intermediaries or subcontractors (when, in fact, he was not employed by Multiband).  As such, it is not clear whether Mr. Williams alleges that Multiband was his direct employer, or his joint employer, and he has alleged no facts supporting either theory.

Regardless, even if he had alleged facts supporting an employment relationship with Multiband, it is also not clear during which part(s) of the alleged

work period of "between approximately 2008 and 2011" he was allegedly employed by Multiband. Quite simply, Mr. Williams' cannot maintain claims against Multiband, where he fails to specifically allege that he performed any work for Multiband during the narrow two-month window in which his claims against Multiband are not time-barred, and where he fails to even allege that he was employed by Multiband, let alone when. Under the standard two-year statute of limitations for FLSA claims, Mr. Williams' claims are time-barred and must be dismissed as against Multiband.

### C. Neither Equitable Tolling Nor Relation Back Saves Mr. Williams' Claims

The Complaint acknowledges that the date of the filing of the *Acfalle* action was the first time that Mr. Williams asserted (and put Multiband on notice of) their purported claims against Multiband. *See* Complaint ¶ 183. However, the Complaint then indicates that Mr. Williams is entitled to damages equal to the mandated minimum wage and overtime premium pay within the three years preceding the date of filing of this *Acfalle* action, "**plus periods of equitable tolling**, because Provider Defendant(s) acted willfully and knew or showed reckless disregard in its violation of the FLSA." *See id.* (emphasis added). It is unclear what Plaintiffs mean by "plus periods of equitable tolling." However, there is no question that the Complaint fails to provide any grounds for equitable

tolling or any other basis for extending the statute of limitations beyond the standard two-year statute of limitations for FLSA claims.  Plaintiffs simply did not actively pursue their claims against Multiband prior to the expiration of the statutory period and there is no allegation in this case of any exceptional circumstances warranting tolling, particularly insomuch as Mr. Williams' Complaint is the same cookie-cutter version of approximately 40 other complaints filed across the country by current and former technicians against DIRECTV (and, in most instances, against one or more HSPs, including Multiband in 13 instances).[4]  *Carr v. Mid-Atlantic Fin. Servs.*, Civil Action No. 1:10-CV-00477-TWT-AJB, 2010 U.S. Dist. LEXIS 86289, at **35-36 (N.D. Ga. July 27, 2010) (stating that "[e]quitable tolling will be applied only in exceptional circumstances," and there is "no indication that extraordinary circumstances exist in this case," where "Plaintiff's complaint makes no allegations indicating that there are any exceptional circumstances," and "[i]ndeed, that Plaintiff used  a form complaint suggests that there were no exceptional circumstances").

---

[4] *See, e.g.*, *Barbosa et al. v. DIRECTV, Inc. et al*, D. Mass., 1:14-cv-13896-LTS; *Chesley et al. v. DIRECTV, Inc. et al*, D. NH, 1:14-cv-00468-PB; *Doucette et al. v. DIRECTV, Inc. et al*, W.D. Tenn, 2:14-cv-02800; *Dowd et al. v. DIRECTV, Inc. et al*, E.D. Mich., 2:14-cv-14018-MAG-DRG; *Mabry et al. v. DIRECTV, Inc. et al*, W.D. Ky., 3:14-cv-00698-JGH; *Al Azawi et al. v. DIRECTV, Inc. et al*, S.D. Tex., 4:14-cv-02962; *Banks et al. v. DIRECTV, Inc. et al*, S.D. Miss., 1:14-cv-00398-LG-RHW; *Comer et al. v. DIRECTV, Inc. et al*, S.D. Ohio, 2:14-cv-1986; *Delgado et al. v. DIRECTV, Inc.*, et al, S.D. Ind., 1:14-cv-01722-SEIB-DML; *Hebron et al. v. DIRECTV, Inc. et al*, N.D. Ill., 1:14-cv-08155.

13

Additionally, the relation back doctrine does not revive Mr. Williams' stale claims.  Indeed, courts have repeatedly held that relation back will not apply to an attempt to add new defendants after the statute of limitations has passed.  *Lee v. Lecroy*, Civil Action No. 1:12-CV-3041-TWT-JFK, 2013 U.S. Dist. LEXIS 184025, at **12-13 (N.D. Ga. Dec. 13, 2013) (stating "belated identification of a previously unidentified party cannot relate back to the original complaint under Rule 15(c) in order to avoid a statute of limitations problem").

Equitable tolling and/or relation back are especially improper where, as here, a plaintiff knew of the defendant, or could have discovered the identity of the defendant through due diligence, but simply failed to name that defendant within the limitations period.  Because neither equitable tolling nor relation back applies here, Mr. Williams' claims against Multiband are untimely, and allowing him to proceed with his time-barred claims would prejudice Multiband.

### D.  Mr. Williams Fails To Identify Any Direct Employer, and The Complaint Does Not State A Plausible Joint Employer Relationship

Even if certain claims made by Mr. Williams are not time-barred, as discussed above, the Complaint is utterly elusive as to which entity Mr. Williams actually alleges was his direct employer.  *See e.g.*, *Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc.*, 494 F. App'x 940, 942 (11th Cir. 2012)

(adequately pleading an employer-employee relationship between defendant and plaintiff is a threshold element to stating any FLSA claim), *cert. denied*, 134 S. Ct. 62 (2013); *In re Enterprise Rent-A-Center Wage & Hour Empl. Litig.*, 683 F.3d 462 (3d Cir. 2012) (that a defendant is plaintiff's "employer" is a necessary predicate to any FLSA claim).  Similarly, the Complaint fails to set forth facts sufficient to establish joint employer liability for Multiband, *i.e.*, control over the decisions which may cause a FLSA violation.  *Likes v. DHL Exp. (USA), Inc.*, No. 2:08-cv-00428-AKK, 2012 WL 8499732, at *4-5 (N.D. Ala. Mar. 7, 2012). Rather, the Complaint merely alleges that "hiring is **generally** done at the Providers' level," but then defines the "Provider Network" to include entities other than Multiband, *i.e.*, "secondary intermediaries deemed "Secondary Providers," as well as a patchwork of largely captive entities that are generally referred to as subcontractors."  *See* Complaint ¶¶ 36; 58 (emphasis added).  Similarly, the Complaint contains a barebones allegation that "**Through the Providers**, DIRECTV exercises significant control over Plaintiffs' daily work lives," and "determined whether Plaintiffs' work merited compensation."  *See* Complaint ¶¶ 59-60 (emphasis added).  However, this allegation is not directed at Multiband and may refer to one of the "secondary intermediaries" or "subcontractors" included in the alleged "Provider Network."  *See* Complaint ¶¶ 36; 58.  Quite simply, it is

15

impossible to discern from the instant Complaint what theory of liability Mr. Williams espouses to assign liability to Multiband for his particular claims, and as such, his claims against Multiband should be dismissed.

## IV.    <u>CONCLUSION</u>

Mr. Williams' FLSA claims against Multiband must be dismissed as set forth above because they have failed to satisfy the pleading requirements set forth in Rule 8(a)(2) of the Federal Rules of Civil Procedure and by the United States Supreme Court in *Iqbal* and *Twombly*.   For the foregoing reasons, Multiband respectfully requests that this Court dismiss the Complaint as against Multiband.

Dated: January 20, 2015

**Respectfully submitted,**

*s/ Adam Keating*
G.A. Bar No. 202672
Attorneys for Defendant Multiband
Corp.
DUANE MORRIS LLP
1075 Peachtree Street NE, Suite 2000
Atlanta, GA 30309-3929
Telephone: 404 293 6916
Email: AKeating@duanemorris.com

Michael Tiliakos (pro hac pending)
N.Y. Bar No. 028791996
Natalie Hrubos (pro hac pending)
P.A. Bar No. 307255
1540 Broadway
New York, N.Y. 10036-4086
Telephone:  (212) 692-1045
Email:  MTiliakos@duanemorris.com
        NHrubos@duanemorris.com

DM2\5334523.2

DM2\5334523.2

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1 (B) and (C), using 14-point Times New Roman font.

*<u>/s/ Adam C. Keating</u>*
Adam C. Keating

## <u>CERTIFICATE OF SERVICE</u>

I, Adam C. Keating, hereby certify that, on this date, I caused the foregoing document to be filed electronically with this Court, where it is available for viewing and downloading from the Court's ECF system, and that such electronic filing automatically generates a Notice of Electronic Filing constituting service of the filed document, upon interested parties.

*/s/ Adam C. Keating*
Adam C. Keating

Dated: January 20, 2015

DM2\5334523.2