IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BENONI AMPONSAH, RONALD BROOKS, BRUCE CASE, HENRY COOPER, PEDRO DAVILA, ALBERT EXUM, DOMINIQUE FENNELI, CODY GARDINO, JAMES GLADDEN, JODI HODGES, ANTHONY JELKS, AMEER LAWTON, CHARLES MCWILLIAMS, MICKONEN MICKAEL, KERRY PAGE, DEREK PEGUES, HERU TCHAAS, CALVIN WILLIAMS, COURTNEY GAYLE, JOSE ISTURIZ, WINSTON TEW, and OLBIN VELEZ,<br><br>       Plaintiffs,<br><br>vs.<br><br>DIRECTV, INC., DIRECTV, LLC, MASTEC NORTH AMERICA, INC., and MULTIBAND CORP.,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 1:14 –CV-03314-ODE<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' JOINT MEMORANDUM IN OPPOSITION TO PLAINTIFFS' CONDITIONAL MOTION FOR TIME WITHIN WHICH TO SEEK LEAVE TO AMEND SHOULD COURT GRANT DEFENDANTS'MOTIONS TO DISMISS**

Defendants MasTec North America, Inc. ("MasTec"), DIRECTV, Inc. and DIRECTV, LLC (together, "DIRECTV"), and Multiband Corporation (collectively, "Defendants"), by and through their undersigned counsel, hereby submit the following opposition to Plaintiffs' Conditional Motion for Time Within Which to Seek Leave to Amend Should Court Grant Defendants' Motions to Dismiss.

## I.    INTRODUCTION

On February 23, 2015, contemporaneous with the filing of Plaintiffs' Opposition to Defendants' Motions to Dismiss, Docket No. 35, Plaintiffs also filed Plaintiffs' Conditional Motion for Time Within Which to Seek Leave to Amend Should Court Grant Defendants' Motions to Dismiss ("Motion for Time to Seek Leave"), Docket No. 36.  In their Motion for Time to Seek Leave, Plaintiffs request that if the Court should grant Defendants' Motions to Dismiss, then they be permitted thirty (30) days to file a motion for leave to amend pursuant to Rule 15(a)(2).  The Motion for Time to Seek Leave should be denied as it is unsupported and premature.

## II.    ARGUMENT

Plaintiffs' Motion for Time to Seek Leave does not comply with the Federal Rules of Civil Procedure.  Rule 15(a)(1) of the Federal Rule of Civil Procedure provides, in pertinent part, that, "[a] party may amend its pleading once as a matter

1

of course within (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, . . .21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a).  In all other circumstances, "a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so desires."  Fed. R. Civ. P. 15(a)(2).  Here, Plaintiffs did not file an amended complaint within 21 days of the October 15, 2014 filing date of their original Complaint.  Nor did Plaintiffs file an amended complaint within 21 days after the filing of Defendants' Motions to Dismiss filed on January 20 and 27, 2015.  Because Defendants do not consent to Plaintiffs' request to file an amended complaint, any such amended pleading can only be filed with the Court's permission under Rule 15(a)(2).

Plaintiffs fail to provide any support for their Motion for Time to Seek Leave. Although the district court has broad discretion with respect to leaves to amend, granting such leave is not automatic. *Foman v. Davis*, 371 U.S. 178, 182 (1962) (granting or denying the "opportunity to amend is within the discretion of the District Court").  Leave to amend pursuant to 15(a)(2) may be denied due to ***undue delay***, bad faith or dilatory motive by the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and ***futility of the amendment***. *Foman*, 371 U.S. 178; *see also Hall v. United Ins.*

*Co. of Am.*, 367 F.3d 1255 (11th Cir. 2004).  An amendment is futile if the proposed amended complaint would also be subject to dismissal.  *Chen V. Lester,* 364 Fed. Appx. 531, 538 (11th Cir. 2010).

Moreover, a court cannot decide a claim that is not ripe for adjudication.  *See Nat'l Park Hospitality Ass'n v. Dep't of Interior,* 538 U.S. 803, 807 (2003).  "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all."  *Texas v. United States*, 523 U.S. 296, 300 (1998)(citations and quotations omitted); *see also Harris v. Mexican Specialty Foods, Inc.,* 564 F.3d 1301, 1308 (11th Cir. 2009); *Myers v. City of McComb*, 2006 U.S.Dist. LEXIS 37929 at *3 (S.D. Miss. 2006).

By way of their Motion for Time to Seek Leave, Plaintiffs seek to obtain a fail-safe mechanism to prevent dismissal of their claims **if** the Court grants Defendants' pending Motions to Dismiss.  Plaintiffs, however, fail to demonstrate (or even argue) how unidentified amendments to a pleading that they insist is perfectly adequate as is would address the defects addressed in Defendants' Motions to Dismiss.  In fact, Plaintiffs did not attach a copy of their proposed amended complaint to their Motion.[1]  That failure, along with their failure to identify their

---

[1] Local Rule 15.1 provides "[i]n those instances where reproduction of the entire pleading as amended would be unduly burdensome, parties filing or moving to file an amendment to a pleading shall be permitted to incorporate relevant provisions of prior pleadings by reference."  Clearly, this Court's rules contemplate that a

3

proposed amendments in any manner, renders their Motion for Time to Seek Leave wholly deficient to support the requested relief. The Court and Defendants have been deprived of the opportunity to review the proposed amendments to determine whether Plaintiffs can cure the various defects set forth in Defendants' Motions to Dismiss. If the Court were to grant Plaintiffs' Motion without such a review, Defendants may be forced to file another motion to dismiss, which will accomplish nothing other than delay and a needless waste of time and resources. Finally, the issue raised in Plaintiffs' Motion is not ripe for consideration as the requested relief is conditional based on whether or not the Court grants Defendants' Motions to Dismiss.

Accordingly, the Court should deny Plaintiffs' Motion for Time to Seek Leave as improper and premature.

---

*Continued from preceding page*
plaintiff seeking to file an amended complaint must present such amendments prior to obtaining a right to amend the operative pleadings. Plaintiffs failed to comply with that requirement.

### III.   CONCLUSION

Based on the above, Defendants DIRECTV, MasTec and Multiband respectfully request that the Court enter an order denying Plaintiffs' Motion for Time To Seek Within Which To Seek Leave to Amend.

Dated:  March 12, 2015         Respectfully submitted,

/s/ _Henry M. Perlowski_____
**ARNALL GOLDEN GREGORY LLP**
Henry M. Perlowski
GA Bar No. 572393
henry.perlowski@agg.com
Edward P. Cadagin
Georgia Bar No. 647699
Edward.cadagin@agg.com
171 17th Street, Suite 2100
Atlanta, GA 30363
Telephone:  404.873.8500


**REED SMITH LLP**
Linda S. Husar (Admitted *pro hac vice*)
CA Bar No. 93989
Thomas E. Hill (Admitted *pro hac vice*)
CA Bar No. 100861
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071
Telephone:  213.457.8000
lhusar@reedsmith.com; thill@reedsmith.com

*Attorneys for Defendants MasTec North America Inc., DirecTV, Inc. and DirecTV, LLC*

By:    */s/ Adam Keating, Esq.*
       G.A. Bar No. 202672
       *Attorneys for Multiband Corp.*
       **DUANE MORRIS, LLP**
       1075 Peachtree Street, NE, Suite 2000
       Atlanta, GA 30309-3929
       Telephone:  404-253-6916
       Email:  AKeating@duanemorris.com

       Michael Tiliakos (*pro hac vice*)
       N.Y. Bar No. 2797538
       Natalie Hrubos (*pro hac vice*)
       P.A. Bar No. 307255
       1540 Broadway
       New York, NY 10036-4086
       Telephone: 212-692-1000
       Email: MTiliakos@duanemorris.com
             NFHrubos@duanemorris.com

       *Attorneys for Defendant Multiband Corporation*

## CERTIFICATE OF COMPLIANCE

By his signature below, and as required by Local Rule 7.1.D., counsel for Defendants DIRECTV, LLC, DIRECTV, Inc. MasTec North America, Inc., Multiband Corporation certifies that this document has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1.B, namely, Book Antiqua (13 point).

Respectfully submitted, this the 12th day of March, 2015.

*/s/ Henry M. Perlowski*
Henry M. Perlowski

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' CONDITIONAL MOTION FOR TIME WITHIN WHICH TO SEEK LEAVE TO AMEND SHOULD COURT GRANT DEFENDANTS'MOTIONS TO DISMISS** was served via **CM/ECF** e-file system on this 12th day of March, 2015, addressed to the following counsel on record for Plaintiffs:

David A. Bain
dbain@bain-law.com

George A. Hanson
hanson@stuevesiegel.com

Ryan D. O'Dell
odell@stuevesiegel.com

Adam C. Keating
akeating@duanemorris.com

*/s/ Henry M. Perlowski*
Henry M. Perlowski
GA Bar No. 572393