IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BENONI AMPONSAH, RONALD BROOKS, BRUCE CASE, HENRY COOPER, PEDRO DAVILA, ALBERT EXUM, DOMINIQUE FENNELL, CODY GARDINO, JAMES GLADDEN, JODI HODGES, ANTHONY JELKS, AMEER LAWTON, CHARLES MCWILLIAMS, MICKONEN MICKAEL, KERRY PAGE, DEREK PEGUES, HERU TCHAAS, CALVIN WILLIAMS, COURTNEY GAYLE, JOSE ISTURIZ, WINSTON TEW, and OLBIN VELEZ, | Case No. 1:14-cv-03314-ODE |
| Plaintiffs, | JURY TRIAL DEMANDED |
| v. | |
| DIRECTV, INC., DIRECTV, LLC, MASTEC NORTH AMERICA, and MULTIBAND CORP., | |
| Defendants. | |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT MULTIBAND CORPORATION'S MOTION TO DISMISS
COMPLAINT AGAINST MULTIBAND CORPORATION**

Defendant Multiband Corporation ("Multiband"), by and through its

undersigned counsel, hereby submits the following Reply Memorandum of Law In

Further Support Of Its Motion to Dismiss the Complaint Against Multiband.

## I.    <u>PRELIMINARY STATEMENT</u>

Plaintiff Calvin Williams' Opposition to Multiband's Motion to Dismiss does not cure the insufficient allegations he raises against Multiband in his Complaint.[1] The allegations asserted by Mr. Williams are as an individual Plaintiff, and he, like each other Plaintiff, must demonstrate that he has satisfied the federal pleading requirements mandated by the United States Supreme Court in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Mr. Williams' Complaint, however, falls far short, relying on generalities, labels and unsupported conclusions that fail to set forth the minimal facts necessary to state a plausible Fair Labor Standards Act ("FLSA") claim. Mr. Williams' barebones allegations do not plead sufficient facts to support his minimum wage and overtime claims against Multiband under the FLSA. Critically, his failure to set forth sufficient factual allegations of "willfulness" as to actions allegedly taken by Multiband results in his claim being entirely time-barred, which leaves no claims against Multiband, requiring its dismissal from the case.

---

[1] Of the 22 Plaintiffs in this case, **<u>only one</u>**, Calvin Williams, purports to bring any claims against Multiband.

DM2\5491579.1

Despite years of similar attempted litigation, Mr. Williams has filed a Complaint that contains 187 paragraphs of cookie-cutter allegations consisting of nothing more than mere labels and conclusions.  He now expects the Court to allow him to proceed to discovery in this case, although he has failed to sufficiently set forth the individual claims that he has against Multiband.  Such a lawsuit cannot proceed.

## II.      REPLY ARGUMENT

### A.      Plaintiff Mischaracterizes the Applicable Pleading Standard.

Mr. Williams suggests that Multiband is asking the Court to require him to "establish a prima facie case by way of its complaint."  *See* Plaintiff Opposition ("Opp.") at p. 7.  Mr. Williams misconstrues Multiband's Motion to Dismiss.  Multiband is simply demanding that the Complaint provide sufficient detail to bring his alleged claims against it to a plausible level as required by the pleading standards set forth in Rule 8 of the Federal Rules of Civil Procedure and in *Twombly,* 550 U.S. 544, and *Iqbal,* 556 U.S. 662.  As currently pled, the facts do not enable Multiband to determine whether Mr. Williams has an actionable FLSA claim against Multiband.  Instead of specific factual allegations that deal with the individual claims being asserted by him, Mr. Williams provide a series of vague and conclusory allegations regarding the alleged "policies" of Defendants to which

3

all Plaintiffs allegedly were subjected and which allegedly form the basis of Mr. Williams' claims.  The Complaint is filled with pages of generalities without any meaningful, specific allegations related to the individual claims of Mr. Williams. Multiband simply seeks a Complaint supported by "enough facts to state a claim to relief that is plausible on its face" versus the "labels and conclusions" Mr. Williams relies upon.  *Twombly*, 550 U.S. at 555, 570.

**B.     Plaintiff's Allegations Are Legally Insufficient and His Claims Should Be Dismissed.**

1.     <u>Plaintiff's FLSA Claims Are Time-Barred</u>

In order to invoke a three-year, rather than two-year, statute of limitations under the FLSA, Mr. Williams must sufficiently plead "willfulness."  29 U.S.C. § 255(a).   Mr. Williams' Complaint simply does not do this, containing, instead, only the most bare bones, circular, and conclusory allegations that Defendant Multiband acted willfully. (*See e.g.*, Compl. at ¶ 184 "Pursuant to Defendants' policies and practices, Defendants willfully violated the FLSA by refusing and failing to pay Plaintiffs overtime and minimum wages.")  Further, the Complaint contains absolutely nothing indicating that Multiband acted willfully with respect to Mr. Williams himself.  *See e.g., Ochoa v. Pearson Educ.*, No. 11-cv-1382 (DMC-JAD), 2012 U.S. Dist. LEXIS 3802, at **9-10 (D.N.J. Jan. 12, 2012) (allegation that plaintiff was instructed not to report more than 40 hours of work

4

per week, regardless of the quantity of hours worked, insufficient to invoke willfulness for three-year statute of limitations).

In *Katoula v. Detroit Entm't LLC*, the Sixth Circuit very recently affirmed a district court's grant of a motion to dismiss where, as here, the amended complaint did not contain facts that presented a plausible claim that Defendant acted willfully, and thus found that Plaintiffs filed their complaint after the two-year limitations period elapsed and were time barred.[2] The Sixth Circuit explained that "**after the Supreme Court's decisions in *Iqbal* and *Twombly*, a plaintiff must do more than make the conclusory assertion that a defendant acted willfully.** The Supreme Court specifically addressed state-of-mind pleadings in *Iqbal*, and explained that Rule 9(b) – which allows a plaintiff to plead 'malice, intent, knowledge and other conditions of a person's mind. . . generally' – does not give a plaintiff license to 'plead the bare elements of his cause of action  . . . and expect his complaint to survive a motion to dismiss.'" *Katoula*, 557 Fed. Appx. 496, 498 (6th Cir. 2014); *see also Crugher v. Prelesnik*, 761 F.3d 610, 617 (6th Cir. 2014)

---

[2] *Katoula* is a Family Medical Leave Act (FMLA) case, which employs the same "willfulness" standard as the FLSA.  *See e.g., Drye v. University of Ark. For Med. Scis.*, 2011 U.S. Dist. LEXIS 109247 at 20-24 (E.D. Ark. 2011) (explaining that the same willfulness standard is used in FLSA and FMLA cases, and, finding that Plaintiff failed to sufficiently show willfulness and thus her claim was time-barred under the two-year statute of limitations).

("A Plaintiff must do more than make the conclusory assertion that a defendant acted willfully") (citation omitted).[3]

In the face of his deficient pleading, Mr. Williams' Opposition desperately attempts to label anything and everything as "willful" behavior, claiming that the "*entire purpose* of Defendants' fissured employment scheme – insisting on misclassifying technicians as 'independent contractors' or enlisting subordinates to do the hiring in order to disclaim employer status – was a willful attempt to avoid obligations to pay these technicians in accord with the FLSA."    (Opp. at p. 24) (emphasis in original).  This overreaching statement, attempting to label *everything* in his Complaint as willful, does not save Mr. Williams.   There is nothing inherently unlawful or willful about classifying workers as independent contractors or using subcontractors to supply workers. There is no support for Mr. Williams' position that generalized speculation about the purpose of classifying workers as independent contractors is sufficient to state a willful violation of the FLSA.  If it were, the requirements of *Twombly*/*Iqbal* would be effectively eviscerated as any

---

[3] *Acosta Colon v. Wyeth Pharm. Co.*, 363 F. Supp. 2d 24, 29, 30 (D.P.R. 2005) amended on reconsideration in part, 2006 WL 508094 (D.P.R. Mar. 1, 2006), relied upon by Plaintiffs in their Opposition (Opp. at p. 24), was decided prior to *Iqbal* and *Twombly*.  And, as the Sixth Circuit noted, "after the Supreme Court's decisions in *Iqbal* and *Twombly*, a plaintiff must do more than make the conclusory assertion that a defendant acted willfully."  *Katoula*, 557 Fed. Appx. at 498.

6

Plaintiff can speculate about the purpose of a policy/practice. More is required to survive a motion to dismiss. *Katoula*, 557 Fed. Appx. at 498.

Putting aside the "entire purpose" conspiracy Mr. Williams now raises in opposition to Multiband's motion, on the face of his Complaint, he has failed to plead sufficient factual allegations supporting a willful violation resulting in a three-year statute of limitations period. *See, e.g.*, *Katoula*, 557 Fed. Appx. at 498; *see also Mell v. GNC Corp.*, No. 10-945, 2010 U.S. Dist. LEXIS 118938, at **25-26 (W.D. Pa. Nov. 9, 2010) (failure to plead "willful" violation when there were "no factual allegations which would support a claim that the violations were willful, for example, reports of complaints to supervisors about having to work off the clock which were rebuffed or ignored"). In accordance with the requisite pleading standards, Mr. Williams must do more than provide a mere label of "willful" slipped into a few paragraphs, grounded in speculation, with no actual pleading whatsoever of the actions, behaviors, policies, practices, etc. of Multiband that are allegedly willful with regard to Mr. Williams. *See e.g.*, *Katoula*, 557 Fed. Appx. at 498.

Because Mr. Williams has failed to sufficiently plead willfulness, the standard FLSA two-year limitations period applies to him. Accordingly, as set forth in detail in Multiband's moving papers, any claim against Multiband is barred

7

in whole. According to his Complaint, Mr. Williams worked for DIRECTV and Multiband between "approximately 2008 and 2011." Going back two years from the date *Acfalle* was filed on November 1, 2013 (which was the first time Mr. Williams asserted his FLSA claims against Multiband), any claims that accrued prior to November 1, 2011, two years before the filing of the *Acfalle* complaint, are time-barred. Mr. Williams has failed to sufficiently allege that he performed any work for Multiband in November and December 2011. Rather, his Complaint merely states that he performed work for Multiband (among other Defendants) **between** 2008 and 2011. If Mr. Williams worked in the months of November and December 2011 (or had claims that accrued during those months), he would know that, and his Complaint would say that. It does not allege that, and he cannot save his time-barred claims against Multiband by alleging that he worked for Multiband, and other entities, at unspecified time periods between "approximately" 2008 and 2011.[4] *See, e.g.*, *Ackley v. City of Fort Lauderdale*, No. 07-60960, 2007 U.S. Dist. LEXIS 73118, at **3-4 (S.D. Fla. Oct. 1, 2007) ("The Court concludes that although the Complaint is sufficient as to how and why the allegations make

---

[4] As noted in its moving papers, Multiband records show that Mr. Williams was never a Multiband employee; rather he was employed by a company called Integrated Installation. The last job he closed with Integrated Installation was on January 30, 2011. This explains why he did not allege that he performed any work for Multiband or otherwise in November and December 2011. He did not.

out a case for violations of the FLSA, the Complaint should be dismissed for failure to set forth the operative dates of Plaintiff's employment, particularly because the FLSA statute has a two or three-year limitations period.").

Applying the two-year statute of limitations, the conclusion that Mr. Williams' claims are time-barred is unavoidable and is not subject to interpretation.   Likely recognizing this, his only argument in opposition to Multiband's argument that his claims are time-barred, is to conclude that a three-year statute of limitations applies to him.  (Opp. at p. 24: "each Plaintiff's claim is for a three-year rather than two-year look-back period from the date they first filed or joined an action against each Defendant").  Not so.  As set forth above and in Multiband's moving papers, Mr. Williams cannot avail himself of the three-year limitations period due to his failure to adequately plead willfulness.  Accordingly, Mr. Williams' claims against Multiband are untimely, and must be dismissed.

        2.    <u>Mr. Williams Has Not Pled Sufficient Facts that Multiband Failed to Pay Him at an Effective Wage Rate of at Least Minimum Wage, or Failed to Pay Him Overtime.</u>

For his minimum wage claim, Mr. Williams alleges that he was "routinely subjected" to a wage rate that fell below the minimum standard because he was not compensated for all hours worked, Multiband did not reimburse him for all necessary business expenses, and he was subject to "charge backs" from his pay.

9

*See* Compl. at ¶ 158.   Mr. Williams' assertion that he was "routinely subjected" to a wage rate less than the minimum wage is nothing more than a conclusion that must be disregarded when considering the sufficiency of the Complaint.  *Iqbal,* 556 U.S. at 678-79.

For his overtime claim, Mr. Williams claims that he was paid on a piece-rate basis for completing satellite installations but was not paid for all tasks that he performed each week.  *See* Compl. at ¶ 73.  He further alleges that, although he regularly worked more than 40 hours per week, he was not paid overtime premiums.  *See* Compl. at ¶ 80.  Finally, he alleges that Multiband violated the FLSA by "failing to properly calculate Plaintiffs' regular rate of pay for determining the overtime premium pay owed."  *See* Compl. at ¶ 181.   Mr. Williams fails to allege any facts supporting his conclusory allegations that Multiband's purported policy of paying piece-rate violated the FLSA (piece-rate pay is legal under the FLSA) or that Multiband's unspecified method of calculating the regular rate of pay was unlawful or improper.  That is because there are no facts to assert supporting his purported claims. Finally, Mr. Williams fails to set forth any facts detailing that during a single workweek he worked over 40 hours and did not receive overtime for the hours worked over 40, and fails to set forth his understanding of Multiband's legal piece-rate compensation system.

In response to Multiband's Motion to Dismiss, Mr. Williams argues that he is not required to include this level of "evidentiary detail" in his Complaint or he brushes off these facts as having to do with measuring his damages.[5]  *See* Opp. at p. 10.  However, the above facts are necessary for Plaintiffs to even have plausible minimum wage or overtime claims against Multiband.   For example, the Complaint does not allege any specific instance where Mr. Williams was subject to a charge back by Multiband that resulted in his hourly rate falling below the applicable minimum wage.  This allegation forms the basis of  his minimum wage claim, but Mr. Williams does not and cannot provide one instance in which this was the case.  Instead, the Complaint concludes that all Plaintiffs "were subject to charge backs."   Mr. Williams is simply trying to lump his purported claims together with all Plaintiffs, against all Defendants, instead of, as required,

---

[5]  Plaintiffs misconstrue *Landers v. Quality Commc'ns, Inc*., 771 F.3d 638 (9th Cir. 2014) *amended by* No. 12-15890, 2015 U.S. App. LEXIS 1289 (9th Cir. 2015) (cited by Multiband in its moving papers) as requiring only that they estimate the average length of their workweek and amount of overtime worked per week. This is not an accurate read of *Landers*. The *Landers* court specifically said: "[n]otably absent from the allegations in [plaintiff's] complaint, however, was any detail regarding a given workweek when [plaintiff] worked in excess of forty hours and was not paid overtime for that given workweek and/or was not paid minimum wages." *Id.* at 646.  Mr. Williams fails to do what the *Landers* court required – to identify a single workweek in which he worked over 40 hours but was not paid overtime.

providing sufficient factual detail to demonstrate a plausible basis for each of his claims against Multiband  as required by *Iqbal/Twombly*.

Mr. Williams also attempts to argue that his claims are "straightforward" so his bare-bones pleading is enough, and the cases relied upon by Multiband should be disregarded.  *See* Opp. at p. 11-13.  However, his Opposition highlights the factual complexities in his claims (Opp. at p. 14: "because Plaintiffs were paid the same amount regardless of how long it took to complete a job, were made to give back portions of their piece-rate pay through "chargebacks," and were not reimbursed for their necessary business expenses, Plaintiffs … often worked at an effective wage rate that was below the minimum wage."), involving alleged piece-rate compensation that  was limited to certain alleged "productive" tasks versus alleged "non-productive" tasks, alleged "chargebacks", alleged improper reimbursement of business expenses, alleged improper calculation of the regular rate, etc.  On these complex and multi-layered facts, Mr. Williams' bare-bones pleading does not allow Multiband to determine if Mr. Williams has alleged a claim against it.[6]   His Complaint falls woefully short after all of the years of

---

[6] Mr. Williams cites to the case of *Lucero v. Leona's Pizzeria, Inc.,* No. 14 C 5612, 2015 U.S. Dist. LEXIS 3378 (Jan. 13, 2015), in support of his argument that his Complaint is sufficient.  However, the *Lucero* case is distinguishable.  In *Lucero,* the plaintiff's allegations were that he was misclassified as a salaried versus hourly employee, worked 7 days a week and approximately 77 hours per week, and did

litigation in other venues and must be dismissed.

Mr. Williams cites Orders from the Courts in the *Arnold* and *Lang* cases as support for the reasons why this Court should deny Multiband's Motion to Dismiss. *See* Opp. at p. 3, 4 n.3, 15, 22. These references are misguided for several reasons. First, Multiband was not a defendant in either the *Arnold* or *Lang* actions. Second, both cases were brought as collective/class actions under the FLSA and Rule 23 of the Federal Rules of Civil Procedure. Mr. Williams was only an opt-in plaintiff in the *Lang* action. The ruling on the motions in both cases had nothing to do with the sufficiency of the individual claims being asserted by Mr. Williams in this case.[7] In addition, Mr. Williams ignores that the sufficiency of a Complaint must be judged in every individual case. Determining whether a

---

not get a 30 minute lunch break, and then was paid a set amount each week regardless of the number of hours he worked. Here, Mr. Williams has not pled in his Complaint that he was misclassified as a salaried employee, nor that he was underpaid during every week that he worked. Thus, the holding in *Lucero* is inapposite.

[7] Moreover, to the extent Mr. Williams suggests that the summary judgment motion in the *Lang* case dealt with the claims asserted by him as an opt-in plaintiff in *Lang*, the *Lang* motion was a partial summary judgment motion only as to the claims of the Named Plaintiffs in *Lang*, Christian Lang, Larry Tucker and Edward Dwayne Humphrey. *Lang v. DirecTV, Inc.,* 801 F. Supp. 2d 532 (E.D. La. July 12, 2011). The issues determined by the Court as to that summary judgment motion did not address the claim of Mr. Williams as an opt-in, or as a named Plaintiff in this litigation as against Multiband.

complaint has sufficiently stated a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.   Simply because the Courts in *Arnold* and *Lang* reached certain findings with respect to the Complaints filed by the plaintiffs in those cases does not mean that Mr. Williams in this case has set forth sufficient allegations in his Complaint with respect to Multiband, which was not a named Defendant in either case.

In *Bryan  v. DIRECTV, LLC and Multiband Corp.,* W.D. La., Case No. 5:14-cv-03063, *Al Azawi v. DIRECTV, LLC, MasTec North America, Inc., and Multiband Corp*., S.D. Tex., Case No. 4:14-cv-02962 and *Banks v. DIRECTV, Inc. and Multiband Corp.,* S.D. Miss., Case No. 1:14-cv-00398-LG-RHW, three of the approximately 40 other "cookie-cutter" lawsuits against DIRECTV and/or Multiband filed by counsel for Plaintiffs alleging FLSA violations, counsel for Plaintiffs have provided counsel for Multiband with proposed Amended Complaints.  While Multiband does not concede that these Amended Complaints comply with the applicable pleading standards, the *Bryan, Al Azawi* and *Banks* Plaintiffs address some issues raised by Multiband in the instant Motion to Dismiss.  These proposed Amended Complaints demonstrate that the plaintiffs in the other lawsuits against Multiband brought by Plaintiffs' counsel are capable of

14

providing additional details regarding their charge back claims and overtime worked, however in the instant case, they are not capable because facts do not exist to support the claims.

### C.   Plaintiffs' Request For Leave To Amend Should Be Denied

Plaintiffs' Opposition references a separate "Conditional Motion For Time Within Which To Seek Leave To Amend Should Court Grant Defendants' Motions To Dismiss" filed contemporaneously with their Opposition.  This Motion should be denied.   Multiband will object to Plaintiffs' Motion in a separate joint opposition (together with Defendants DIRECTV and MasTec).

## III.   CONCLUSION

For the foregoing reasons and those set forth in its moving papers, Multiband respectfully requests that this Court dismiss the Complaint as to Multiband for failure to satisfy the requisite pleading standards set forth in in *Iqbal* and *Twombly*.

DM2\5491579.1

Dated: March 12, 2015

**Respectfully submitted,**

*s/ Adam Keating*
G.A. Bar No. 202672
Attorneys for Defendant Multiband
Corp.
DUANE MORRIS LLP
1075 Peachtree Street NE, Suite 2000
Atlanta, GA 30309-3929
Telephone: 404 293 6916
Email: AKeating@duanemorris.com

Michael Tiliakos (pro hac vice)
N.Y. Bar No. 028791996
Natalie Hrubos (pro hac vice)
P.A. Bar No. 307255
1540 Broadway
New York, N.Y. 10036-4086
Telephone:  (212) 692-1045
Email:  MTiliakos@duanemorris.com
            NHrubos@duanemorris.com

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1 (B) and (C), using 14-point Times New Roman font.

*/s/ Adam C. Keating*
Adam C. Keating

17

## <u>CERTIFICATE OF SERVICE</u>

I, Adam C. Keating, hereby certify that, on this date, I caused the foregoing document to be filed electronically with this Court, where it is available for viewing and downloading from the Court's ECF system, and that such electronic filing automatically generates a Notice of Electronic Filing constituting service of the filed document, upon interested parties.

*/s/ Adam C. Keating*
Adam C. Keating

Dated: March 12, 2015

DM2\5491579.1