IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BENONI AMPONSAH, RONALD BROOKS, BRUCE CASE, HENRY COOPER, PEDRO DAVILA, ALBERT EXUM, DOMINIQUE FENNELI, CODY GARDINO, JAMES GLADDEN, JODI HODGES, ANTHONY JELKS, AMEER LAWTON, CHARLES MCWILLIAMS, MICKONEN MICKAEL, KERRY PAGE, DEREK PEGUES, HERU TCHAAS, CALVIN WILLIAMS, COURTNEY GAYLE, JOSE ISTURIZ, WINSTON TEW, and OLBIN VELEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>DIRECTV, INC., DIRECTV, LLC, MASTEC NORTH AMERICA, INC., and MULTIBAND CORP.,<br><br>Defendants. | Case No. 1:14 –CV-03314-ODE |

**DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Defendants MasTec North America, Inc. ("MasTec"), and DIRECTV, Inc. and DIRECTV, LLC (together, "DIRECTV," and collectively with MasTec, "Defendants"), submit this Reply In Support of their Motion to Dismiss. For the reasons set forth in the Motion to Dismiss ("Motion") and herein, Defendants request that the Court dismiss Plaintiffs Benoni Amponsah, Ronald Brooks, Bruce Case, Henry Cooper, Pedro Davila, Albert Exum, Dominique Fennell, Cody Gardino, Courtney Gayle, James Gladden, Jodi Hodges, Jose Isturiz, Anthony Jelks, Ameer Lawton, Charles McWilliams, Mickonen Mickael, Kerry Page, Derek Pegues, Heru Tchaas, Winston Tew, Olbin Velez and Calvin Williams ("Plaintiffs") Complaint.

## I. INTRODUCTION

This is a Fair Labor Standards Act ("FLSA") case brought by Plaintiffs asserting individual wage claims based on work they performed directly for entities that they do not name as defendants or even identify in their Complaint. Plaintiffs allege in conclusory fashion that unspecified payments received for work performed from these entities were insufficient to satisfy the minimum wage and overtime pay requirements of the FLSA. Instead of seeking relief from the unnamed entities, Plaintiffs name DIRECTV and MasTec in this action seeking to establish liability for the alleged underpayments through a joint employment

theory under the FLSA.

Each Plaintiff must individually demonstrate that he has satisfied the pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure and by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcraft v. Iqbal*, 556 U.S. 662 (2009). Plaintiffs fall far short of the pleading requirements relying on generalities that fail to set forth the minimal facts necessary to state a plausible FLSA claim.

In fact, despite years of similar attempted litigation, Plaintiffs filed a Complaint that contains 187 paragraphs of cookie-cutter allegations consisting of nothing more than mere labels and conclusions. Plaintiffs now expect the Court to allow them to proceed to discovery, although they fail to sufficiently set forth their individual claims against Defendants. The case cannot proceed on such a basis.

II.  **ARGUMENT**

   A.   **Plaintiffs Misconstrue The Applicable Pleading Standard**

Plaintiffs argue that Defendants are asking the Court to require Plaintiffs to "establish a prima facie case by way of its complaint." (Plaintiffs' Opposition to Motion to Dismiss ("Opp."), at pg. 7). Plaintiffs completely misconstrue Defendants' arguments. Defendants are simply demanding that the Complaint provide sufficient detail to bring Plaintiffs' alleged claims against them to a

plausible level as required by the pleading standards set forth in Rule 8 and *Iqbal/Twombly*, which Plaintiffs agree controls this case. (Opp. at pg. 7)

As explained in Defendants' Motion, as currently pled, the facts do not enable Defendants to determine whether any of the Plaintiffs have any actionable FLSA claim against Defendants. Instead of specific factual allegations that deal with the individual claims being asserted, Plaintiffs provide a series of vague and conclusory allegations regarding the alleged "policies" of Defendants to which all Plaintiffs allegedly were subjected and which allegedly form the basis of their claims. The Complaint is filled with pages of generalities without any meaningful, specific allegations related to the *individual claims* of each of the 22 Plaintiffs. Defendants simply seek a Complaint supported by "enough facts to state a claim to relief that is plausible on its face" versus the "labels and conclusions'" Plaintiffs rely upon. *Twombly*, 550 U.S. at 555, 570.

### B.   Plaintiffs Fail To Demonstrate That The Allegations In Their Complaint Are Legally Sufficient

Defendants set forth a number of key facts that were missing from Plaintiffs' Complaint and are necessary to establish a "plausible" basis for Plaintiffs' asserted FLSA claims against Defendants. Plaintiffs counter that the Complaint is 43 pages long and contains 187 numbered paragraphs providing a sufficient basis of their claims. (Opp. at pg. 3). However, sheer length of the Complaint is not

determinative. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Thus, what matters is the substance contained within the Complaint. Again, Plaintiffs provide nothing more than a series of vague and conclusory allegations regarding the alleged "policies" of Defendants to which Plaintiffs allegedly were subject to and which allegedly form the basis of their claims.[1]

### 1.    Plaintiffs Make Only Conclusory Allegations Of "Joint Employment"

As a threshold matter, Plaintiffs fail to plead sufficient facts to establish that Defendants employed them. In this regard, the Complaint omits several material facts regarding Plaintiffs' employment. For instance, Plaintiffs fail to plead facts that state the entity that directly employed them or any facts concerning these entities specific relationship with Defendants. Plaintiffs, however, do allege that these unspecified entities hired and paid them, not Defendants. (Compl. ¶¶ 58,

---

[1] Plaintiffs also suggest that the parties' litigation history put Defendants on notice of Plaintiffs' claims. (Opp. at 2). The prior litigation between the parties is utterly irrelevant in assessing the issue before the Court - the sufficiency of Plaintiffs' claims as pled in their Complaint. That issue is governed by whether, within the four corners of the Complaint, Plaintiffs have stated enough facts to support a "plausible" basis for their individual claims against DIRECTV and MasTec, either individually or collectively. Even if the Court were to consider the parties' litigation history, it weighs against Plaintiffs because by now they should be able to plead specific allegations about the nature of their claims against Defendants.

4

60).  Twenty of the twenty-two Plaintiffs also admit that they are no longer installing DIRECTV equipment (Compl. ¶¶ 88, 92, 96, 100, 104, 108, 112, 116, 120, 124, 128, 132, 136, 144, 148, 152, 156, 160, 164, 168), but fail to state how their "employment" relationships began, much less ended, or who actually terminated them.

In their Opposition, Plaintiffs never address why these basic facts are not alleged in the Complaint.  Plaintiffs even attempt to cover up their failure by providing information about the nature of their "employment" relationships in their Opposition.  For example, in their Introduction, Plaintiffs state that "Plaintiffs are current and former technicians who installed DIRECTV satellite television equipment in the State of Georgia.  During their tenure with DIRECTV, Plaintiffs were treated as 'independent contractors,' working for subcontractors who contracted with defendant MasTec, a participant in DIRECTV's Provider Network."[2]  (Opp. at pg. 1).  Nowhere in the Complaint do Plaintiffs specifically assert that they were independent contractors of various entities "who contracted" with MasTec.  Any attempt by Plaintiffs to cure the deficiencies in their Complaint by asserting additional facts in their Opposition is unavailing.

---

[2] Plaintiffs state that Plaintiff  Fennell spent a "portion" of his time working as a W-2 employee of MasTec, he does not, however, state what "portion" of his time was so spent or who else he allegedly worked for.  (Opp. pg. 1, fn. 2)

5

Plaintiffs' failure to name or otherwise identify the various entities for whom they directly worked and were paid effectively omits one-half of the employment relationship necessary to establish MasTec's or DIRECTV's liability as a "joint employer." Plaintiffs cannot dispute that they have not pled the identity of the entity with whom they allegedly directly worked when they were installing DIRECTV equipment. Thus, based on the allegations in the Complaint, Defendants cannot ascertain the entities with whom Plaintiffs actually directly worked. Certainly, Plaintiffs have knowledge regarding these entities and easily could have pled them in their Complaint; yet, they did not. Absent the identification of the subcontractors who allegedly contracted with Defendants, there can be no plausible inference of any FLSA violation by the subcontractor, much less a determination that Defendants are liable as joint employers for the alleged violations.

Plaintiffs contend that Defendants' argument surrounding their failure to identify these entities is nothing more than a "red-herring," arguing that the unidentified subcontractors are not necessary parties for the disposition of their claims and Plaintiffs are the masters of their complaint and can choose who to name as defendants in this litigation. (Opp. at pg. 18). Such allegations concerning the nature of Plaintiffs' employment relationship with the

6

subcontractor firms, however, is a necessary piece of the puzzle to establish alleged joint employment. There is simply no specific information in the Complaint about the relationship between Plaintiffs, Defendants and the actual entities that directly employed Plaintiffs. Without such factual allegations, the nature of the alleged relationship between DIRECTV or MasTec and these entities cannot be ascertained.

As previously discussed, courts apply a multi-factor test in determining whether an individual or entity is deemed an employer in the context of joint employment allegations. (Defendants' Motion at pg. 18-19). Plaintiffs do not disagree. (See Opp. at pg. 17). The factors commonly applied by courts, in determining joint employment under the FLSA, include "whether the alleged employer: (1) had the power to hire and fire plaintiff; (2) supervised and controlled plaintiff's work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained plaintiff's employment records." *In re Enterprise Rent-A-Center Wage & Hour Empl. Litig.*, 683 F.3d 462, 467-68 (3rd Cir. 2012); *Layton v. DHL Exp. (USA), Inc.*, 686 F.3d 1172, 1178-81 (11th Cir. 2012). It is all but impossible to undergo the above analysis without specific allegations concerning the unidentified subcontractor firms.

The Complaint only contains allegations concerning one of the above-

identified four factors, supervision and control.  Plaintiffs admit that they were not hired or paid by Defendants. (Compl. ¶¶ 58, 60).  Despite alleging supervision and control by DIRECTV and even though all three Plaintiffs are no longer installing DIRECTV systems, they make no allegations that either DIRECTV or MasTec fired them, terminated their contractual relationship, or even that DIRECTV or MasTec had the authority to do so.  Finally, they do not allege that Defendants maintained their employment records.  Taken as whole, Plaintiffs fail to allege sufficient facts to support that either DIRECTV or MasTec were their joint employers.

Admitting their failure to sufficiently plead all the factors to support their joint employment theory, Plaintiffs argue that they sufficiently plead the control element and that is enough.  (Opp. at pg. 17-18).  Plaintiffs go to great lengths to discuss how the Complaint pleads factual allegations relevant to DIRECTV's alleged control (Opp. at pg. 20-23), but wholly fail to address why the other factors, that they acknowledge apply, are not properly pled.

In short, the FLSA only imposes wage obligations on "employers."  A plaintiff asserting an FLSA claim must plead facts sufficient to demonstrate a defendant's status as an "employer" generally, and as the "employer" of the plaintiff.  Because Plaintiffs have done neither of these things in this case, the

Court should dismiss Plaintiffs' Complaint.³

### 2. Plaintiffs' FLSA Claims Are Time-Barred In Whole Or In Part

Plaintiffs mistakenly contend that the FLSA's extended three-year SOL applies to their claims. To invoke a three-year SOL, Plaintiffs must sufficiently plead "willfulness." A willful violation occurs where the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). Plaintiffs' Complaint simply does not sufficiently plead a willful FLSA violation. Instead, the Complaint contains only conclusory allegations that Defendants acted willfully. (*See e.g.*, Compl. at ¶ 184 "Pursuant to Defendants' policies and practices, Defendants willfully violated the FLSA by refusing and failing to pay Plaintiffs overtime and minimum wages."). Further, the Complaint contains

---

³ Plaintiffs cite orders from previous litigation between the parties to support their arguments. Such references are misguided. Both *Arnold* and *Lang* were collective/class actions and Plaintiffs were only opt-ins in those cases. The rulings had nothing to do with the sufficiency of their **individual claims** asserted in those cases. Plaintiffs also ignore that the sufficiency of a complaint must be judged in every individual case. It is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Notably, Plaintiffs' counsel filed amended pleadings in several of the approximately 40 other cookie-cutter lawsuits filed by counsel alleging FLSA violations against Defendants currently pending in jurisdictions located across the country. The amended complaints attempt to address deficiencies similar to those identified in Defendants' Motion and demonstrate that the plaintiffs in other lawsuits are capable of providing some additional details regarding their claims.

absolutely nothing indicating that MasTec acted willfully with respect to each individual Plaintiff.

In their Opposition, Plaintiffs desperately attempt to label their entire Complaint as alleging "willful" behavior, claiming that the "entire purpose of the fissured employment scheme—misclassifying technicians as 'independent contractors' or enlisting subordinates to do the hiring in order to disclaim employer status—was a willful attempt by DIRECTV and MasTec to avoid paying these technicians in accord with the FLSA."  (Opp. at pg. 24) (emphasis in original).  This attempt to label everything in their Complaint as willful, however, does not save Plaintiffs.  There is nothing inherently unlawful or willful about classifying workers as independent contractors or using subcontractors to supply workers. There is no support for Plaintiffs' position that generalized speculation about the purpose of classifying workers as independent contractors is sufficient to state a willful violation of the FLSA.  If it were, the requirements of *Iqbal/Twombly* would be effectively eviscerated as any plaintiff can speculate about the purpose of a policy or practice.

Putting aside Plaintiffs' "entire purpose" arguments, the willful allegations actually pled fail to support a willful violation resulting in the extended three-year SOL period.  Contrary to Plaintiffs' assertion, Defendants are not seeking to

10

require Plaintiffs to prove that the violations were willful in their Complaint. In accordance with the requisite pleading standards, Plaintiffs, however, are required to plead more than a mere label of "willful" slipped into a few paragraphs, grounded in speculation, with no actual detail of the actions, behaviors, policies or practices that are allegedly willful with regard to each Plaintiff. Thus, the standard FLSA two-year SOL period applies to each of them.

Applying the two-year SOL periods, the claims of Plaintiffs Amponsah, Cooper, Davila, Exum, Gardino, Gayle, Gladden, Hodges, Isturiz, Jelks, Lawton, McWilliams, Mickael, Page, Pegues, Tchaas and Williams should be dismissed as time-barred (in whole or in part) as to MasTec and/or DIRECTV as set forth in full in the tables included in Defendants' Motion.[4] This conclusion is unavoidable and is not subject to interpretation. Accordingly, Plaintiffs' untimely claims against

---

[4] Plaintiffs argue that a protective order entered in the *Arnold* action staying discovery between October 8, 2010 to March 27, 2011 tolled the SOL period for Plaintiffs who first asserted claims against DIRECTV in that action and, therefore, the applicable SOL period is 3 ½ years. (Opp. at pg. 23 & n. 6). In their Motion, Defendants request that the Court dismiss the claims (in whole or in part) of Plaintiff Gayle who first brought claims against DIRECTV in *Arnold*. Thus, Plaintiffs' argument to extend the SOL to 3 ½ years would apply only to Gayle. Assuming arguendo that the *Arnold* order cited by Plaintiffs supports an extension of the applicable SOL period, it would not apply to the claims asserted by Gayle because she consented to join *Arnold* in 2013. Any tolling that occurred prior to her consenting to join is inapplicable.

MasTec and DIRECTV must be dismissed.[5]

### 3.     Plaintiffs' Conclusory Allegations Do Not Support Plausible Claims For Minimum Wage Or Overtime Violations

Plaintiffs do not plead facts sufficient to support a plausible claim that any of them actually received less than the minimum wage, or was denied overtime pay for hours worked in excess of 40, with reference to work performed in any given workweek. Plaintiffs admit that the FLSA permits employers to compensate workers pursuant to a piece-rate system. (Opp. at pg. 8). Plaintiffs, however, contend that they sufficiently allege a "noncompliant piece-rate pay system" that resulted in minimum wage and overtime violations. Despite Plaintiffs' contentions, Plaintiffs do not plead facts sufficient to demonstrate a plausible basis for such claims.

For their minimum wage claim, Plaintiffs allege that they were "routinely subjected" to a wage rate that fell below the minimum standard because they were not compensated for all hours worked, Defendants did not reimburse them for all necessary business expenses, and they were subject to "chargebacks" from their pay. (Compl. ¶¶ 90, 94, 102, 106, 110, 114, 118, 122, 126, 130, 134, 138, 142, 146, 150,

---

[5] Although vaguely suggested in their Complaint, Plaintiffs' Opposition indicates that they do not seek equitable tolling for any of the Plaintiffs' claims. Plaintiffs admit that the appropriate SOL trigger dates are the date that each Plaintiff asserted a claim against DIRECTV or MasTec, respectively. (Opp. at pg. 24)

154, 158, 162, 166, 170, 174). These allegations are nothing more than mere labels or conclusions that must be disregarded.[6] More is required, such as, the values of the "piece rates" they were paid; the number of estimated "pieces" performed each week (or any week); the amount of time purportedly spent on "non-compensable" tasks in a given day or week; or an estimate of the hours/dollar amounts for which they claim underpayment. Plaintiffs simply provide no factual detail of the alleged minimum wage violations.

For their overtime claim, Plaintiffs claim that they regularly worked more than 40 hours per week, and were not paid overtime premiums. (Compl. ¶¶ 71-74, 79-80). Plaintiffs fail to provide any facts showing that any one of them, during a single workweek, worked over 40 hours and did not receive overtime for the hours worked over 40.[7] They also allege that Defendants violated the FLSA

---

[6] For example, the Complaint does not allege any instance where any Plaintiffs were subject to chargebacks resulting in his hourly rate falling below minimum wage. Such allegations form the basis of Plaintiffs' minimum wage claims, but Plaintiffs apparently cannot provide one instance in which this occurred. Instead, the Complaint only provides general allegations that Plaintiffs "were subject to chargebacks." This demonstrates Plaintiffs' intent to lump all of their claims together, instead of providing sufficient factual allegations to demonstrate a plausible basis for each of their claims, as required by *Iqbal/Twombly*.

[7] Plaintiffs claim because they allege that they were underpaid for every week the Court should look to the case of *Lucero v. Leona's Pizzeria, Inc.*, 2015 U.S. Dist. LEXIS 3378 (Jan. 13, 2015), for guidance. In *Lucero*, the plaintiff's allegations were that he worked 7 days a week and approximately 77 hours per week, did not get a 30-minute lunch break, and then was paid a set amount each week regardless of

13

by "failing to properly calculate Plaintiffs' regular rate of pay for determining the overtime premium pay owed." (Compl. ¶ 79). Again, Plaintiffs fail to allege any facts supporting their conclusory allegations that the alleged piece-rate compensation violated the FLSA, or that method of calculating their regular rate of pay was unlawful.

In response to Defendants' Motion, Plaintiffs argue that they are not required to include this level of detail and brush off these facts as being solely related to measuring damages. (Opp. at pg. 7-8). However, without these facts, Plaintiffs cannot establish plausible minimum wage or overtime claims as a matter of law. Plaintiffs continually refer to their claims as "straightforward minimum wage and overtime violations." (Opp. at pg. 7). Here, Plaintiffs seek joint liability from Defendants based on their employment with a distinct, independent direct employer for alleged underpayment of wages due to the employer's alleged use of a piece-rate system. Such a claim is anything but a straightforward theory of liability under the FLSA. Thus, Plaintiffs are required to provide more than

---

*Continued from preceding page*
the number of hours he worked. The *Lucero* court's analysis focused on the claims alleged by the plaintiff (i.e., alleged misclassification as an exempt salaried employee resulting in failure to pay overtime for hours worked over 40). Here, Plaintiffs have not pled that they were underpaid during every week. Nor do Plaintiffs assert a claim based on alleged misclassification as non-exempt employees. Thus, *Lucero* is inapposite.

conclusory allegations.

### C. The Court Should Dismiss Plaintiffs' Complaint Without Leave To Amend

While the Court has broad discretion with respect to granting leave to amend, such leave is not automatic. *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255 (11th Cir. 2004). In fact, leave to amend may be denied for numerous reasons, including futility of amendment. *Foman v. Davis*, 371 U.S. 178 (1962); *see also Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-331 (1971). Despite having alleged claims against Defendants in prior actions, Plaintiffs' have failed to allege even the minimal facts necessary to state a plausible claim. This is inexcusable and leave to amend should be denied.

### III. CONCLUSION

Defendants respectfully request that the Court dismiss Plaintiffs' Complaint in its entirety under Rule 12(b)(6).

Dated: March 16, 2015              Respectfully submitted,

/s/ _Henry M. Perlowski_____
Henry M. Perlowski
GA Bar No. 572393
henry.perlowski@agg.com
Edward P. Cadagin
Georgia Bar No. 647699
Edward.cadagin@agg.com
**Arnall Golden Gregory LLP**

171 17th Street, Suite 2100
Atlanta, GA 30363
Telephone: 404.873.8500

**REED SMITH LLP**
Linda S. Husar (CA # 93989 – *admitted PHV*)
Thomas E. Hill (CA # 100861 – *admitted PHV*)
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Telephone: 213.457.8000
lhusar@reedsmith.com; thill@reedsmith.com
*Attorneys for Defendants MasTec North America, DirecTV, Inc. and DirecTV, LLC*

## **CERTIFICATE OF COMPLIANCE**

By his signature below, and as required by Local Rule 7.1.D., counsel for Defendants DIRECTV, LLC, DIRECTV, Inc. and MasTec North America, Inc. certifies that this document has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1.B, namely, Book Antiqua (13 point).

Respectfully submitted, this the 16th day of March, 2015.

*/s/ Henry M. Perlowski*
Henry M. Perlowski

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS** was served via **CM/ECF** e-file system on this 16th day of March, 2015, addressed to the following counsel on record for Plaintiffs:

David A. Bain
dbain@bain-law.com

George A. Hanson
hanson@stuevesiegel.com

Ryan D. O'Dell
odell@stuevesiegel.com

Adam C. Keating
akeating@duanemorris.com

                                */s/ Henry M. Perlowski*
                                Henry M. Perlowski
                                GA Bar No. 572393