FILED IN CHAMBERS
U.S.D.C. - Atlanta

APR 1 5 2015

James N. Hatten, Clerk
By: AmCauier
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BENONI AMPONSAH, RONALD
BROOKS, BRUCE CASE, HENRY
COOPER, PEDRO DAVILA, ALBERT
EXUM, DOMINIQUE FENNELL, CODY
GARDINO, JAMES GLADDEN, JODI
HODGES, ANTHONY JELKS, AMEER
LAWTON, CHARLES MCWILLIAMS,
MICKONEN MICKAEL, KERRY PAGE,
DEREK PEGUES, HERU TCHAAS,
CALVIN WILLIAMS, COURTNEY
GAYLE, JOSE ISTURIZ, WINSTON
TEW, and OLBIN VELEZ,

        Plaintiffs,

v.

DIRECTV, INC., DIRECTV, LLC,
MASTEC NORTH AMERICA, INC.,
and MULTIBAND CORP.,

        Defendants.

CIVIL ACTION NO.
1:14-CV-3314-ODE

ORDER

This action alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., is before the Court on Multiband Corporation's ("Multiband") Motion to Dismiss [Doc. 22], DIRECTV, Inc., DIRECTV, LLC[1] (together "DIRECTV"), and MasTec North America, Inc.'s ("MasTec"; collectively with DIRECTV and Multiband, "Defendants") Motion to Dismiss [Doc. 24], and Plaintiffs'[2] Conditional Motion for Time [Doc. 36]. For the

---

[1]DirecTV, Inc. merged with DIRECTV Operations, LLC in December 2011 to create DIRECTV, LLC [Compl., Doc. 1 ¶ 28].

[2]The Court refers to Benoni Amponsah ("Amponsah"), Ronald Brooks ("Brooks"), Bruce Case ("Case"), Henry Cooper ("Cooper"), Pedro Davila ("Davila"), Albert Exum ("Exum"), Dominique Fennell ("Fennell"), Cody Gardino ("Gardino"), James Gladden ("Gladden"), Jodi Hodges ("Hodges"), Anthony Jelks ("Jelks"), Ameer Lawton

following reasons, Multiband's Motion to Dismiss [Doc. 22] is GRANTED, MasTec and DIRECTV's Motion to Dismiss [Doc. 24] is GRANTED IN PART and DENIED IN PART, and Plaintiffs' Conditional Motion for Time [Doc. 36] is GRANTED.

## I.   Background

### A.   *Factual Background*[3]

Plaintiffs worked as technicians whose primary job duty was to install and repair DIRECTV satellite television service [Compl., Doc. 1 ¶ 33].

DIRECTV, the largest provider of satellite television services in the United States, oversees a network of "Providers" who supply the workforce of DIRECTV technicians [Id. ¶¶ 2, 34].[4] MasTec and Multiband are two such Providers [Id. ¶ 38]. These Providers either employed Plaintiff technicians directly or contracted with them as independent contractors [Id.]. DIRECTV is the primary client and source of substantially all income for each Provider [Id. ¶¶ 37, 56].

DIRECTV controls the Providers through detailed agreements ("Provider Agreements"), which establish effectively identical

---

("Lawton"), Charles McWilliams ("McWilliams"), Mickonen Mickael ("Mickael"), Kerry Page ("Page"), Derek Pegues ("Pegues"), Heru Tchass ("Tchaas"), Calvin Williams ("Williams"), Courtney Gayle ("Gayle"), Jose Isturiz ("Isturiz"), Winston Tew ("Tew"), and Olbin Velez ("Velez") collectively as Plaintiffs.

[3]The following facts are taken from the Complaint [Doc. 1].

[4]There are varying levels of Providers, including principal intermediaries termed "Home Service Providers", secondary intermediaries termed "Secondary Providers" as well as a "patchwork of largely captive entities that are generally referred to as subcontractors" [Compl., Doc. 1 ¶ 36].

relationships between DIRECTV and each Provider [Id. ¶ 39].   The
Provider Agreements also specify mandatory DIRECTV policies and
procedures which are required to be handed down to the technicians
[Id. ¶ 40].   DIRECTV also promulgates "detailed instructions for
how installations are to be completed" and publishes training
materials that technicians are required to review [Id. ¶¶ 63-64].
All technicians are required by DIRECTV to obtain certification
from the Satellite Broadcasting & Communications Association [Id.
¶ 65].

Under the Provider Agreements, Providers hire the technicians
and administer payroll [Id. ¶¶ 58, 60].   However, DIRECTV required
technicians (regardless of Provider) to wear a DIRECTV shirt,
display DIRECTV insignia on their vehicles, display a DIRECTV ID
card, and hold themselves out to customers as agents of DIRECTV
[Id. ¶¶ 41, 62].   Plaintiffs began each workday by receiving a
daily work schedule through DIRECTV's computer dispatch system
[Id. ¶¶ 41-42].   Plaintiffs were required to check-in by telephone
with DIRECTV's dispatch system upon arrival at a job site and upon
completion of an installation or repair [Id. ¶ 43].

Plaintiffs were paid pursuant to a piece-rate payment method,
where they were paid per satisfactory completion of satellite
service installation [Id. ¶ 73].   DIRECTV determined whether
Plaintiffs' work was entitled to compensation [Id. ¶ 60].
DIRECTV's quality control department reviewed Plaintiffs' work,
and Plaintiffs were subject to chargebacks based on those reviews
[Id. ¶ 67, 76].   Plaintiffs were not paid for "non-productive"
tasks, such as assembling satellite dishes, driving to and between
job assignments, reviewing and receiving schedules, calling

-3-

customers to confirm installations, obtaining required supplies, assisting other technicians, etc. [Id. ¶¶ 74-75]. Further, Plaintiffs were required to purchase supplies necessary to perform installations as well as the required DIRECTV shirts and insignia and were not reimbursed [Id. ¶¶ 44, 77].

Plaintiffs claim that by failing to compensate them for all hours worked, failing to reimburse them for necessary business expenses and imposing chargebacks, Defendants violated the FLSA [Id. ¶¶ 176-83].

Below is a chart detailing each individual Plaintiff's claims:

| Name | Dates of Employment[5] | Hours Worked per Week | Claims Asserted Against |
|---|---|---|---|
| Amponsah | 2010 to 2011 | Over 60 | DIRECTV |
| Brooks | Dec. 2011 to Nov. 2012 | Over 60 | DIRECTV and MasTec |
| Case | Jan. 2011 to Oct. 2011 | Over 60 | DIRECTV |
| Cooper | May 2009 to Oct. 2009 | 50 to 60 | DIRECTV |
| Davila | July 2010 to Feb. 2012 | Over 60 | DIRECTV and MasTec |
| Exum | Feb. 2010 to Aug. 2010 | Over 60 | DIRECTV |
| Fennell | May 2012 to March 2013 | Over 60 | DIRECTV and MasTec |
| Gardino | Aug. 2010 to Nov. 2012 | Over 60 | DIRECTV |
| Gladden | May 2009 to Dec. 2011 | Over 60 | DIRECTV |

---

[5]Dates are approximations [see generally Compl. Doc. 1 ¶¶ 88-175].

| Hodges | July 2009 to Oct. 2009 | Over 60 | DIRECTV |
|---|---|---|---|
| Jelks | July 2010 to May 2011 | 55 | DIRECTV and MasTec |
| Lawton | 2003 to March 2009 | Over 50 | DIRECTV |
| McWilliams | July 2010 to Nov. 2011 | 55 | DIRECTV and MasTec |
| Mickael | 2001 to Present | Over 50 | DIRECTV and MasTec |
| Page | Oct. 2009 to Feb. 2010 | Over 60 | DIRECTV |
| Pegues | Aug. 2009 to July 2013 | Over 60 | DIRECTV and MasTec |
| Tchaas | 2004 to June 2012 | 45 | DIRECTV |
| Williams | 2008 to 2011 | Over 60 | DIRECTV and Multiband |
| Gayle | Feb. 2010 to Jan. 2012 | Over 60 | DIRECTV and MasTec |
| Isturiz | May 2012 to Sept. 2013 | Over 60 | DIRECTV and MasTec |
| Tew | March 2012 to Oct. 2012 | Over 60 | DIRECTV |
| Velez | Sept. 2011 to Present | Over 60 | DIRECTV |

[Id. ¶¶ 88-172].

### B.   *Previous Litigation & Procedural History*

#### 1.   **Lang & Acfalle** Plaintiffs

Plaintiffs Amponsah, Brooks, Case, Cooper, Davila, Exum, Fennell, Gladden, Hodges, Jelks, Lawton, Mickael, Page, Pegues, Tchaas and Williams ("the Lang Plaintiffs") opted in to a pending collective action in the United States Direct Court for the Eastern District of Louisiana, Lang v. DIRECTV, et al., No. 2:10-

CV-1085-NJB-SS (E.D. La.) ("Lang") [Compl., Doc. 1 ¶ 83].[6] This action asserted claims against DIRECTV but not against Multiband or MasTec [Lang, Doc. 1-1]. On September 3, 2013, the Court granted the parties' joint motion to decertify the class and dismissed the opt-in plaintiffs' claims without prejudice [Lang, Doc. 467]. The Court also ordered that the statute of limitations for each opt-in plaintiff be tolled for 60 days [Id.].

Within the 60 day tolling period granted by the Lang court, the Lang Plaintiffs along with Gardino and McWilliams filed an action in the Central District of California on November 1, 2013 [Compl., Doc. 1 ¶ 84; Acfalle v. DIRECTV, et al., No. 2:13-CV-8108-AB-E (C.D. Cal.) ("Acfalle"), Compl., Doc. 1]. This action asserted claims against DIRECTV, Multiband and MasTec, among others [Acfalle, Doc. 1]. On July 22, 2014, the Court granted the defendants' Motion to Sever Claims and "dropped" the claims of 277 plaintiffs including those listed above [Acfalle, Doc. 71]. The dropped plaintiffs' claims were dismissed "without prejudice to their refiling their claims in their home states or in neighboring states" [Id. at 9]. The statute of limitations on the dropped plaintiffs' claims was also tolled for 90 days [Id.].

On October 15, 2014, the Lang Plaintiffs, Gardino and McWilliams filed the instant action against DIRECTV, Multiband and MasTec within the 90 day tolling period ordered by the Acfalle court [Doc. 1].

---

[6]See also Lang, Docs. 112, 119, 130, 157, 287, 292, 294, 307, 311, 326, 330 and 332.

### 2.   **Arnold** Plaintiffs

Plaintiffs Gayle, Isturiz, Tew and Velez ("the Arnold Plaintiffs") each filed notices of consent to become party plaintiffs in a pending FLSA class action in the Eastern District of Missouri [Id. ¶ 86].[7] This action was against DIRECTV but did not assert claims against Multiband or MasTec [Arnold, Doc. 1]. Pursuant to the district court's amended scheduling order in that case, plaintiffs were divided into subclasses depending upon the Provider for whom they worked [Arnold, Docs. 216 & 220]. On December 12, 2014, those plaintiffs who did not work for one of the four largest Providers were decertified [Arnold, Docs. 216, 221, 244]. The Arnold Plaintiffs listed above were among those decertified [Arnold, Doc. 244-1].[8] The decertified plaintiffs' claims were dismissed without prejudice, and the statute of limitations was tolled for 90 days [Arnold, Doc. 244 at 2].

On October 15, 2014, Gayle, Isturiz, Tew and Velez joined in filing the instant action [Doc. 1].

### 3.   **Procedural History of the Instant Action**

Plaintiffs filed the instant action against DIRECTV, Multiband, and MasTec for violations of the FLSA in failing to pay minimum wage, failing to pay overtime wages, failing to properly

---

[7]See also Arnold v. DIRECTV, et al., No. 4:10-CV-352-JAR (E.D. Mo.) ("Arnold"), Docs. 150, 157, 161, and 162.

[8]Isturiz is not identified on the list of plaintiffs dismissed from the Arnold action "because certain of his claims-- those for time served as a W-2 employee of a [Provider] and not for time claimed herein--remain active in Arnold" [Compl., Doc. 1 ¶ 86 n.6].

calculate the regular rate of pay for determining overtime and improper deductions from Plaintiffs' pay [Id. ¶ 181]. Plaintiffs also assert they are entitled to liquidated as well as compensatory damages because Defendants acted willfully in violating the FLSA [Id. ¶ 185].

On January 20, 2015, Multiband filed its Motion to Dismiss [Doc. 22]. DIRECTV and MasTec filed their joint Motion to Dismiss [Doc. 24] on January 27, 2015. Plaintiffs filed a combined response to both Motions to Dismiss on February 23, 2015 [Doc. 35]. Defendants have filed reply briefs [Docs. 41, 44].

Plaintiffs filed their Conditional Motion for Time [Doc. 36] on February 23, 2015. Defendants jointly opposed that motion [Doc. 40].

## II.  **Defendants' Motions to Dismiss**

### A.   *Standard of Review*

Rule 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on the pending motion to dismiss, all of the well-pleaded factual allegations in the plaintiff's complaint must be accepted as true and construed in the light most favorable to the plaintiff. Young Apartments, Inc. v. Town of Jupiter, Fla., 529 F.3d 1027, 1037 (11th Cir. 2008).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations and internal quotation marks omitted). More specifically:

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and internal quotation marks omitted). To survive a Rule 12(b)(6) motion, "the plaintiff's factual allegations, when assumed to be true, must be enough to raise a right to relief above the speculative level." United Techs. Corp. v. Mazer, 556 F.3d 1260, 1270 (11th Cir. 2009) (citation and internal quotation marks omitted). The purpose of this pleading standard is to "give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (2007) (citation and internal quotation marks omitted).

### B. Multiband's Motion to Dismiss

Multiband moves to dismiss Plaintiff Williams' claims against it for failure to state a claim [Doc. 22-1].

#### 1. Williams' Claims Are Not Time-Barred

Multiband argues that Williams' claims are time-barred because he has failed to sufficiently plead willfulness to invoke a three-year rather than two-year statute of limitations under the FLSA. It also contends that the limitations period should be calculated from the filing of the Acfalle action (rather than the Lang action) because Williams did not assert any claims against Multiband until the Acfalle action [Id. at 8-14].

The Court agrees that the limitations period for Williams claims against Multiband should be calculated from the filing of the Acfalle action. Williams did not assert any claims against

Multiband in the Lang action [Lang, Compl., Doc. 1-1]. Williams first asserted claims against Multiband in the Acfalle action filed on November 1, 2013. Williams offers no argument that the complaint in Acfalle relates back to his claims against DIRECTV in Lang [see Doc. 35], and the Court will not do so for him. Therefore, the limitations period for Williams' claims against Multiband shall be calculated from November 1, 2013, the date the Acfalle action was filed.

The Court must now determine whether a two-year or three-year limitations period should be used in determining whether Williams' claims are time-barred. The FLSA maintains a two-year statute of limitations for ordinary causes of action and a three-year statute of limitations for "willful violations." 29 U.S.C. § 255(a). An employer commits a willful violation "if the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]." Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 128-29 (1985) (citation and internal quotation marks omitted).

Multiband argues that Williams does not plead sufficient facts to make plausible his allegation that DIRECTV and Multiband acted with knowledge or reckless disregard that its actions violated the FLSA [Doc. 22-1 at 8-10]. However, the Complaint alleges that DIRECTV and its Providers (like Multiband) have developed a contractual network of Providers and technicians for the specific purpose of avoiding their obligations under the FLSA [Doc. 1 ¶¶ 1 n.1, 46]. Such an allegation is sufficient to raise the issue of willfulness above mere speculation. Therefore, a

three-year statute of limitations period is proper at this stage of the proceedings.

Looking back three years from November 1, 2013, the Court finds that Williams' FLSA claims are limited to work performed after November 1, 2010.  According to the Complaint, Williams worked for DIRECTV and Multiband "[b]etween approximately 2008 and 2011" [Id. ¶ 156].  Therefore, Williams' claims relating to work performed for Multiband within the limitations period in 2010 and 2011 are not time-barred.

### 2.   Williams' Complaint Does Not Sufficiently Allege Joint Employer Liability for Multiband

To state a claim for failure to pay minimum (or overtime) wages under the FLSA, a plaintiff must demonstrate that (1) he is employed by the defendant, (2) the defendant engaged in interstate commerce, and (3) the defendant failed to pay him minimum or overtime wages.  See Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1277 n.68 (11th Cir. 2008).

Multiband argues that the Complaint fails to set forth sufficient facts to support the first element of the prima facie case, namely that Williams was employed by Multiband as a joint employer [Doc. 22-1].  In determining whether a defendant is a joint employer under the FLSA, the Court uses an eight-factor test:

> (1) the nature and degree or control of the workers; (2) the degree of supervision, direct or indirect, of the work; (3) the power to determine the pay rates or the methods of payment of the workers; (4) the right, directly or indirectly, to hire, fire, or modify the employment conditions of the workers; (5) preparation of payroll and the payment of wages; (6) ownership of facilities where work occurred; (7) performance of a specialty job integral to the business; and (8) investment in equipment and facilities.

-11-

Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc., 494 F. App'x 940, 943 (11th Cir. 2012) (quoting Layton v. DHL Express (USA), Inc., 686 F.3d 1172, 1176 (11th Cir. 2012)) (internal quotation marks omitted).

The Complaint provides very little detail regarding Williams' employment relationship with Multiband, detailing the extent of DIRECTV's control over his duties as a technician. The Complaint focuses on the many ways DIRECTV asserts "significant control" over Plaintiffs and the Providers [see generally Doc. 1]. Plaintiffs' combined response brief even states that DIRECTV had "complete control over their work" [Doc. 35 at 27]. With respect to Providers like Multiband, the Complaint merely states that the Providers hire technicians and administer payroll [Doc. 1 ¶¶ 58, 60].

Williams argues that he alleged sufficient facts to support an inference that Multiband was a joint employer by alleging that DIRECTV controlled the conditions of his employment through Providers like Multiband [Doc. 35 at 28-29]. The Court disagrees. Conclusory statements that DIRECTV controlled the technicians through the Providers is insufficient to raise an inference of employment by the Providers [see Compl., Doc. 1 ¶ 59]. Rather, Williams must allege sufficient facts particular to Multiband that raise a reasonable inference that it exerted sufficient control over his position. The Complaint fails to do so.

Accordingly, Multiband's Motion to Dismiss [Doc. 22] is GRANTED.

### C.   DirecTV & MasTec's Motion to Dismiss

DIRECTV and MasTec move to dismiss all claims against them for failure to state a claim [Doc. 24].

#### 1.   Whether Plaintiffs' Claims Are Time Barred

DIRECTV and MasTec also argue that the two-year statute of limitations should be used rather than the three-year [Doc. 24-1 at 20-22].   See 29 U.S.C. § 255(a).   For the reasons detailed above, see supra Part II.B.1, a three-year limitations period is proper at this stage of the proceedings, as Plaintiffs have pled sufficient facts to support their willfulness theory.

Plaintiffs agree with Defendants that the applicable statute of limitations period should be calculated from the date each Plaintiff opted-in or filed an action against DIRECTV and/or MasTec [Doc. 24-1 at 22-25; Doc. 35 at 30].[9]   Thus, the limitations period for claims against DIRECTV shall be calculated from the opt-in dates for the Lang Plaintiffs, from the date of filing of the Acfalle action for Gardino and McWilliams, and from the opt-in dates for the Arnold Plaintiffs.

Therefore, the Court calculates Plaintiffs' limitations cut-off dates for their claims against DIRECTV as follows:

---

[9]Thus, the limitations period for claims against DIRECTV shall be calculated from the opt-in dates for the Lang Plaintiffs, from the date of filing of the Acfalle action for Gardino and McWilliams, and from the opt-in dates for the Arnold Plaintiffs.

Likewise, the limitations period for claims against MasTec shall be calculated from the date of filing of the Acfalle action for the Lang Plaintiffs and McWilliams and from the filing date of this action for the Arnold Plaintiffs, as neither the Lang nor Arnold actions asserted any claims against MasTec.

-13-

| Plaintiff | Filing Date | Dates of Alleged Employment | Claim Cut-Off Date |
|---|---|---|---|
| Amponsah | July 30, 2012 [Lang, Doc. 287] | 2010 to 2011 | July 30, 2009 |
| Brooks | August 22, 2012 [Lang, Doc. 311] | Dec. 2011 to Nov. 2012 | August 22, 2009 |
| Case | September 12, 2012 [Lang, Doc. 326] | Jan. 2011 to Oct. 2011 | September 12, 2009 |
| Cooper | September 19, 2012 [Lang, Doc. 332] | May 2009 to Oct. 2009 | September 19, 2009 |
| Davila | July 30, 2012 [Lang, Doc. 287] | July 2010 to Feb. 2012 | July 30, 2009 |
| Exum | August 13, 2012 [Lang, Doc. 307] | Feb. 2010 to Aug. 2010 | August 13, 2009 |
| Fennell | August 1, 2012 [Lang, Doc. 292] | May 2012 to March 2013 | August 1, 2009 |
| Gardino | November 1, 2013 [Acfalle, Doc. 1] | Aug. 2010 to Nov. 2012 | November 1, 2010 |
| Gladden | August 2, 2012 [Lang, Doc. 294] | May 2009 to Dec. 2011 | August 2, 2009 |
| Hodges | September 14, 2012 [Lang, Doc. 330] | July 2009 to Oct. 2009 | September 14, 2009 |
| Jelks | August 13, 2012 [Lang, Doc. 307] | July 2010 to May 2011 | August 13, 2009 |
| Lawton | April 8, 2011 [Lang, Doc. 130] | 2003 to March 2009 | April 8, 2008 |
| McWilliams | November 1, 2013 [Acfalle, Doc. 1] | July 2010 to Nov. 2011 | November 1, 2010 |
| Mickael | March 4, 2011 [Lang, Doc. 112] | 2001 to Present | March 4, 2008 |

| Page | September 3, 2013 [Lang, Doc. 467][10] | Oct. 2009 to Feb. 2010 | September 3, 2010 |
| --- | --- | --- | --- |
| Pegues | September 12, 2012 [Lang, Doc. 326] | Aug. 2009 to July 2013 | September 12, 2009 |
| Tchaas | March 18, 2011 [Lang, Doc. 119] | 2004 to June 2012 | March 18, 2008 |
| Williams | August 22, 2012 [Lang, Doc. 311] | 2008 to 2011 | August 22, 2009 |
| Gayle | February 27, 2013 [Arnold, Doc. 157] | Feb. 2010 to Jan. 2012 | September 27, 2009[11] |
| Isturiz | March 7, 2013 [Arnold, Doc. 161] | May 2012 to Sept. 2013 | October 7, 2009 |
| Tew | March 12, 2013 [Arnold, Doc. 162] | March 2012 to Oct. 2012 | October 12, 2009 |
| Velez | February 12, 2013 [Arnold, Doc. 150] | Sept. 2011 to Present | September 12, 2009 |

And the Court calculates Plaintiffs' limitations cut-off dates for their claims against MasTec as follows:

---

[10]Although Page alleges she opted in to Lang, neither Plaintiffs nor Defendants direct the Court to Page's opt-in form, and the Court cannot locate one.  Additionally, Page is not located on the list of decertified plaintiffs in Lang [Lang, Doc. 467].

Regardless, the Court must accept as true her allegation that Page opted in to the Lang action.  See Young Apartments, Inc., 529 F.3d at 1037.  However, in the absence of an opt-in form, the Court uses the date of decertification as Page's filing date.

[11]Plaintiffs maintain that the Arnold Plaintiffs (Gayle, Isturiz, Tew and Velez) are entitled to an additional five months in calculating their limitations period due to tolling ordered by the Arnold court.  The Arnold court ordered tolling from October 8, 2010 until March 7, 2011 during the pendency of the defendants' motion to dismiss.  Such tolling prevented any future opt-in plaintiffs' claims from being prejudiced by the time necessary to rule on the defendants' motion to dismiss [Arnold, Docs. 46, 49].  Therefore, the Arnold Plaintiffs are entitled to an additional five months in calculating their cut-off dates for their claims against DIRECTV.

-15-

| Plaintiff | Filing Date | Dates of Alleged Employment | Claim Cut-Off Date |
|---|---|---|---|
| Brooks | November 1, 2013 [Acfalle, Doc. 1] | Dec. 2011 to Nov. 2012 | November 1, 2010 |
| Davila | November 1, 2013 [Acfalle, Doc. 1] | July 2010 to Feb. 2012 | November 1, 2010 |
| Fennell | November 1, 2013 [Acfalle, Doc. 1] | May 2012 to March 2013 | November 1, 2010 |
| Jelks | November 1, 2013 [Acfalle, Doc. 1] | July 2010 to May 2011 | November 1, 2010 |
| McWilliams | November 1, 2013 [Acfalle, Doc. 1] | July 2010 to Nov. 2011 | November 1, 2010 |
| Mickael | November 1, 2013 [Acfalle, Doc. 1] | 2001 to Present | November 1, 2010 |
| Pegues | November 1, 2013 [Acfalle, Doc. 1] | Aug. 2009 to July 2013 | November 1, 2010 |
| Gayle | October 15, 2014 [Doc. 1] | Feb. 2010 to Jan. 2012 | October 15, 2011 |
| Isturiz | October 15, 2014 [Doc. 1] | May 2012 to Sept. 2013 | October 15, 2011 |

Therefore, based on the above calculated cut-off dates, Defendants' Motion to Dismiss [Doc. 24] is GRANTED IN PART as to Page's claims against DIRECTV on the grounds that they are time-barred and DENIED IN PART as to all other Plaintiffs on this issue.

### 2. Plaintiffs Plead Sufficient Facts to Support Their Minimum Wage Violation Claims

Defendants argue that Plaintiffs have pled insufficient facts regarding the piece-rate pay system, chargebacks and unreimbursed expenses that allegedly caused Plaintiffs to be paid at a rate under the minimum wage. DIRECTV and MasTec suggest that Plaintiffs must include the following in their Complaint:

(1) state the values of the "piece rates" they were paid; (2) quantify the number of estimated

tasks/"pieces" that they performed each week, or even in one sample week; (3) quantify the amount of time they spent on purportedly "non-compensable" tasks in a given day or week; [and] (4) provide an estimate of the number of hours for which they claim underpayment, and/or the dollar amounts of such underpayments

[Doc. 24-1 at 11-13]. However, Defendants cite no authority for this requirement [Id.].

The case cited by Defendants in support of their motion, Taylor v. McLane Foodservice, Inc., No. 12-CV-2697-JWL, 2013 WL 943531 (D. Kan. Mar. 11, 2013), dismissed the plaintiffs' FLSA claims not for insufficient specificity but because they failed to allege the essence of a minimum wage violation--that their total compensation divided by the actual number of.

hours worked fell below the minimum wage. Id. at *2-7.

Plaintiffs here allege precisely that. They assert that they were "subjected to an effective wage rate below" minimum wage due to the following practices: (1) not being compensated for all hours worked under the piece-rate system, (2) being subjected to chargebacks if there were issues with an installation, and (3) being required to purchase supplies necessary to perform installations (screws, poles, concrete, cables, etc.) for which they were not reimbursed [Compl., Doc. 1 ¶¶ 73-78, 81]. These facts, accepted as true, raise Plaintiffs' claim that they were not paid an effective minimum wage above a speculative level.

### 3. Plaintiffs Plead Sufficient Facts to Support Their Overtime Pay Violation Claims

DIRECTV and MasTec contend that Plaintiffs have pled insufficient facts to support their claim that Defendants failed to pay them the required premium overtime wage for hours beyond forty worked in a week. Defendants contend that Plaintiffs must

-17-

specify particular work weeks in which Plaintiffs worked overtime and specify the number of hours worked for any particular week [Doc. 24-1 at 14].

The Twombly standard does not require that level of specificity.

> Plaintiffs['] allegation that [they] regularly worked over forty hours a week without receiving overtime pay is sufficient to state a claim under the FLSA. Listing out a specific week (or weeks) that [they] worked over forty hours would do nothing to enhance the complaint or help Defendant[s] better understand the claims against [them].

White v. View Point Health, No. 1:14-CV-325-WBH, 2015 WL 309440 (N.D. Ga. Jan. 26, 2015) (Hunt, J.).

Plaintiffs here each state that they "routinely worked more than 40 hours per week," provide an estimated average of the hours worked per week, and indicate that many of those hours went entirely unpaid [Compl., Doc. 1 ¶¶ 88-175].

Assuming these facts to be true, this sufficiently raises a reasonable inference of overtime pay violations on the part of Defendants.

### 4. Plaintiffs Plead Sufficient Facts to Support a Joint Employer Theory Against DIRECTV But Not Against MasTec

DIRECTV and MasTec also argue that Plaintiffs make only conclusory allegations regarding DIRECTV and MasTec being joint employers.

Regarding DIRECTV, Plaintiffs plead sufficient facts, that if true, raise a plausible inference that DIRECTV was their ostensible employer. Looking to the eight factors from Freeman listed above, Plaintiffs allege that DIRECTV "control[s] nearly every facet of the technician's work" [Compl., Doc. 1 ¶ 41].

-18-

Plaintiffs describe how they received work orders directly from
DIRECTV, how they worked directly with DIRECTV dispatch systems,
were assigned a DIRECTV "Tech ID Number," and were required to
hold themselves out as agents of DIRECTV [Id. ¶¶ 41-43, 62].
Plaintiffs also allege that DIRECTV required them to wear a
DIRECTV uniform, display DIRECTV insignia on their vehicles, and
display a DIRECTV identification badge [Id. ¶ 44]. DIRECTV also
set the rate of pay and determined whether Plaintiffs' work
"merited compensation" [Id. ¶ 60]. Plaintiffs also allege that
DIRECTV controlled the manner of their installations in that
DIRECTV promulgated detailed instructions for installations [Id.
¶ 63]. DIRECTV's quality control personnel also determined
whether Plaintiffs' work would be subject to chargebacks [Id.
¶¶ 66-67]. Given these alleged facts, the Court concludes that
Plaintiffs have created a reasonable inference that DIRECTV served
as Plaintiffs' joint employer.[12]

Plaintiffs, however, have not done so for MasTec. As
discussed above with respect to Multiband, the Complaint fails to
give sufficient facts supporting an inference that MasTec had the

---

[12]Defendants argue that Plaintiffs must identify the other
direct employer to sufficiently plead joint employer liability.
First, the Court believes Plaintiffs have done so and reads the
Complaint to allege that Plaintiffs were jointly employed by
DIRECTV and a Provider (Multiband, Mastec or a now-subsumed
subcontractor) [see generally Doc. 1]. However, to the extent
other Providers or subcontractors not alleged here were also joint
employers of Plaintiffs, their absence does not defeat Plaintiffs'
claims. Liability for joint employers under the FLSA is joint and
several. 29 C.F.R. § 791.2(a). Thus, Plaintiffs may survive a
motion to dismiss by alleging sufficient facts to make plausible
their claim of employment by one joint employer without providing
detailed allegations about the other.

necessary control over Plaintiffs to be liable as their employer. The Complaint states that DIRECTV exercised control "[t]hrough the Providers" [Id. ¶ 59], but gives almost no facts regarding how the Providers controlled Plaintiffs' work, aside from hiring the technicians and administering payroll [Id. ¶¶ 58, 60]. Plaintiffs' combined response even states that DIRECTV had "complete control over their work" [Doc. 35 at 27]. Therefore, DIRECTV and MasTec's Motion to Dismiss [Doc. 24] is GRANTED IN PART as to Plaintiffs' claims against MasTec.

### C. Summary of the Court's Rulings

In sum, the Court rules as follows on Defendants' Motions to Dismiss [Docs. 22, 24]: Multiband's Motion to Dismiss [Doc. 22] as to Plaintiff Williams' claims against it is hereby GRANTED, and DIRECTV and MasTec's Motion to Dismiss [Doc. 24] is GRANTED IN PART as to Plaintiff Page's claims against DIRECTV and as to all Plaintiffs' claims against MasTec and DENIED IN PART as to all other Plaintiffs' claims against DIRECTV.

### III. Plaintiffs' Conditional Motion for Time

In the event the Court granted Defendants' Motions to Dismiss [Docs. 22, 24], Plaintiffs moved for time within which to seek leave to amend their Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) [Doc. 36]. Defendants oppose Plaintiffs' motion [Doc. 40].

The time to amend having expired, Plaintiffs "may amend [their] pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Plaintiffs here do not ask specifically for leave to amend their Complaint but for thirty days in which to file a motion for leave to amend [Doc. 36

at 1]. Thus, this Court need not decide now whether Plaintiffs may amend their Complaint.

In opposition, Defendants argue that Plaintiffs' motion is not ripe as it is premised upon the Court granting one or both of Defendants' Motions to Dismiss [Doc. 40]. However, Defendants' Motions to Dismiss have now been ruled upon, and thus Plaintiffs' Motion is now ripe. Furthermore, the Court disagrees with Defendants that any amendments by Plaintiffs would be inherently futile [see Doc. 40]. The dismissed claims are such that the addition of specific facts regarding the Providers may cure their deficiency.

Accordingly, Plaintiffs' Motion for Time [Doc. 36] is GRANTED. Plaintiffs shall file within thirty (30) days from the date of entry of this Order a motion for leave to amend the Complaint and attach a copy of the proposed amended complaint.

## IV.  Conclusion

For the reasons set forth above, Multiband's Motion to Dismiss [Doc. 22] is GRANTED. As such, Plaintiff Williams' claims against Multiband are DISMISSED WITHOUT PREJUDICE.

DIRECTV and MasTec's Motion to Dismiss [Doc. 24] is GRANTED IN PART as to Plaintiff Page's claims against DIRECTV and all Plaintiffs' claims against MasTec. These claims are DISMISSED WITHOUT PREJUDICE. DIRECTV and MasTec's Motion [Doc. 24] is DENIED IN PART as to all other Plaintiffs' claims against DIRECTV.

Plaintiffs' Conditional Motion for Time [Doc. 36] is also GRANTED. Plaintiffs shall file within thirty (30) days from the date of entry of this Order a motion for leave to amend the Complaint and attach a copy of the proposed amended complaint.

SO ORDERED, this  16  day of April, 2015.

ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE