# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| BENONI AMPONSAH, RONALD BROOKS, BRUCE CASE, HENRY COOPER, PEDRO DAVILA, ALBERT EXUM, DOMINIQUE FENNELI, CODY GARDINO, JAMES GLADDEN, JODI HODGES, ANTHONY JELKS, AMEER LAWTON, CHARLES MCWILLIAMS, MICKONEN MICKAEL, KERRY PAGE, DEREK PEGUES, HERU TCHAAS, CALVIN WILLIAMS, COURTNEY GAYLE, JOSE ISTURIZ, WINSTON TEW, and OLBIN VELEZ, <br><br> Plaintiffs, <br><br> vs. <br><br> DIRECTV, INC., DIRECTV, LLC, MASTEC NORTH AMERICA, INC., and MULTIBAND CORP., <br><br> Defendants. | Case No. 1:14 –CV-03314-ODE |

## DEFENDANT MASTEC NORTH AMERICA, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT

Defendant MasTec North America, Inc. ("MasTec") respectfully submits this Memorandum of Law in Opposition to Plaintiffs Benoni Amponsah, Ronald Brooks, Bruce Case, Henry Cooper, Pedro Davila, Albert Exum, Dominique Fennell, Cody Gardino, Courtney Gayle, James Gladden, Jodi Hodges, Jose Isturiz, Anthony Jelks, Ameer Lawton, Charles McWilliams, Mickonen Mickael, Kerry Page, Derek Pegues, Heru Tchaas, Winston Tew, Olbin Velez and Calvin Williams's ("Plaintiffs") Motion for Leave to Amend Complaint ("Motion for Leave"). (Dkt. 49)

## I.    INTRODUCTION

This is a Fair Labor Standards Act ("FLSA") case brought by Plaintiffs asserting individual claims against Defendants MasTec, Multiband Corporation ("Multiband"), and DIRECTV, Inc. and DIRECTV, LLC (together, "DIRECTV," and collectively with MasTec and Multiband, "Defendants"). Plaintiffs filed the instant Motion for Leave in response to the Court's Order of April 15, 2015, in which the Court found that Plaintiffs' Complaint failed to allege sufficient facts to support Plaintiffs' joint employer theory with respect to MasTec and Multiband. (Dkt. 47) Specifically, the Court concluded that Plaintiffs failed to plead sufficient facts to support an inference that MasTec (or Multiband) had the necessary control over Plaintiffs to be liable as their employer under the FLSA.

1

In dismissing Plaintiffs' claims against MasTec, the Court found that Plaintiffs' allegations of "control" were directed at DIRECTV, and not MasTec. The Court also noted that Plaintiffs had stated in their Opposition to the Motion to Dismiss that DIRECTV, and not MasTec, had "complete control over their work." (Dkt. 47, at 18)

Plaintiffs now submit a proposed First Amended Complaint ("Proposed FAC") which they contend addresses the Court's prior finding that they failed to allege sufficiently any claim against MasTec. As discussed herein, this Court should deny Plaintiffs' Motion for Leave because the Proposed FAC again fails to allege facts sufficient to support a reasonable inference that MasTec employed any of the Plaintiffs, directly or jointly, and because permitting Plaintiffs the opportunity to amend under these circumstances would be futile.

**II.   BACKGROUND**

Plaintiffs' claims specifically arise from work orders that they completed for DIRECTV customers while employed or otherwise contractually engaged as technicians by various unnamed third-party subcontractors or other entities. Although each unnamed subcontractor or entity that directly employed or engaged one of the Plaintiffs also paid them for their work, Plaintiffs allege in conclusory fashion that those unspecified payments were insufficient to satisfy

the FLSA's minimum wage and overtime pay requirements, and they seek to establish Defendants' liability through a convoluted joint employment theory.

Plaintiffs commenced this action by filing their initial Complaint on October 15, 2014. (Dkt. 1) In January 2015, Defendants moved to dismiss Plaintiffs' Complaint. (Dkts. 22 and 24) On April 15, 2015, the Court granted in part and denied in part Defendants' Motions to Dismiss. (Dkt. 47) In doing so, the Court found that Plaintiffs had failed to plead "sufficient facts supporting an inference that MasTec had the necessary control over Plaintiffs to be liable as their employer." (Dkt. 47, at 19-20) The Court held that in order to avoid dismissal, Plaintiffs were required to allege facts particular to MasTec and sufficient to raise a reasonable inference that MasTec exerted a right to control Plaintiffs' work.

Based on the Court's findings, it is clear that each Plaintiff must individually demonstrate that he has satisfied the pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure and by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ("*Twombly*"), and *Ashcraft v. Iqbal*, 556 U.S. 662 (2009) ("*Iqbal*"). Plaintiffs' Proposed FAC falls far short of those pleading requirements, relying exclusively on generalities, labels and unsupported conclusions that fail to set forth the minimal facts

necessary to state a plausible FLSA claim against MasTec as their employer. Quite simply, the Proposed FAC is devoid of the specificity necessary to support the inference of an employment relationship between MasTec and any Plaintiff.

In sum, the Proposed FAC is a classic example of conclusory form pleading. Notwithstanding Plaintiffs' amendments in the Proposed FAC, that pleading is still bereft of the individualized allegations necessary to satisfy the *Iqbal/Twombly* standards so as to raise an inference of employment by MasTec. As such, and as explained more fully herein, this Court should deny Plaintiffs' Motion for Leave.

### III. PLAINTIFFS' MOTION FOR LEAVE SHOULD BE DENIED BECAUSE THE CLAIMS ASSERTED AGAINST MASTEC ARE FUTILE AS A MATTER OF LAW

Although leave to amend is granted liberally, it is not automatic. *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255 (11th Cir. 2004). Leave to amend may be denied for numerous reasons, including futility of amendment. *Foman v. Davis*, 371 U.S. 178 (1962); *see also Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-331 (1971). The Court should deny Plaintiffs' Motion for Leave because if there were facts that Plaintiffs could have pled to establish that MasTec was their "employer," Plaintiffs would have pled them already. It is clear from the Proposed FAC, that no such facts exist because it remains devoid of the

4

necessary individualized allegations. MasTec should not be required to expend any additional time or resources defending the futile claims set forth in Plaintiffs' Proposed FAC, and leave to amend should be denied.

It is well settled that the FLSA only imposes wage obligations on "employers." Equally clear is that a plaintiff asserting an FLSA claim must plead facts sufficient to demonstrate a defendant's status as an "employer" *generally*, and as *the* "employer" of the plaintiff, both as defined by the FLSA. S*ee*, *e.g.*, *Freeman v. Key Largo Volunteer Fire & rescue Dep't, Inc.*, 494 F.App'x 940, 942 (11th Cir. 2012), *cert. denied*, 134 F.3d 462 (2013); *In re Enterprise Rent-A-Center Wage & Hour Empl. Litig.*, 683 F.3d 462 (3d Cir. 2012).

Plaintiffs have done neither of these things in this case. If there were sufficient facts to establish that MasTec employed any of the Plaintiffs, those facts could have easily been pled in the initial complaint or the Proposed FAC. In that regard, the Proposed FAC has numerous glaring omissions regarding Plaintiffs' purported employment with MasTec.

As an initial mater, Plaintiffs fail to plead facts that state the entity that directly employed them or contractually engaged their services. Moreover, Plaintiffs fail to plead any facts concerning the nature of the alleged relationship between Plaintiffs and these unnamed entities. The Proposed FAC does not

allege any facts sufficient to raise a reasonable inference that they were improperly classified as independent contractors by the unnamed subcontractors or entities.  Further, the Proposed FAC lacks any detail concerning the relationship between MasTec and the unnamed subcontractors or entities.  The FLSA's minimum wage and overtime obligations are inapplicable to individuals properly classified as independent contractors.  Thus, without a properly pled independent contractor misclassification claim, Plaintiffs lack a *direct employer* to link to MasTec so as to support their *joint employment* theory of recovery with regard to MasTec.

Even assuming, *arguendo*, that each Plaintiff was "employed" by a subcontractor that had a contractual relationship with MasTec, Plaintiffs' Proposed FAC still fails to plead facts sufficient to support a plausible inference that MasTec was the joint employer of any such Plaintiff.  The FLSA defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d).  In determining whether an individual or entity is an employer, courts analyze the "economic realities" of the relationship between the parties.  In performing this analysis, courts focus on whether the alleged employer:  (1) had the power to hire and fire plaintiff; (2) supervised and controlled plaintiff's work schedules or conditions of

employment; (3) determined the rate and method of payment; and (4) maintained plaintiff's employment records. *Layton v. DHL Exp. (USA), Inc.*, 686 F.3d 1172, 1178-81 (11th Cir. 2012); *In re Enterprise Rent-A-Center Wage & Hour Empl. Litig.*, 683 F.3d 462, 467-68 (3d Cir. 2012).

Applying the foregoing analysis to MasTec (a challenge in itself given the absence of any specific allegations concerning the unnamed subcontractors that directly engaged Plaintiffs' services), the Proposed FAC fails to plead facts relevant to *any* of the most commonly relied upon joint employment factors. Rather, the Proposed FAC is substantively no different than the initial Complaint. Specifically, Plaintiffs detail *DIRECTV's* "significant control" over their work, but plead no facts *particular to MasTec's* control over their work, and instead again attempt to state a joint employment claim *against MasTec* by relying on their allegations *that DIRECTV controlled* the conditions of their employment, allegations which the Court has already found to be insufficient.

For instance, Plaintiffs state that "DIRECTV utilized its Providers' payroll and paycheck systems to administer its piece-rate compensation scheme, including issuing paychecks to Plaintiffs," and that these policies were merely "carried out by the Providers, including MasTec and Multiband." (Prop. FAC, ¶ 31). In other words, Plaintiffs assert that the "piece-rate compensation scheme"

7

was DIRECTV's, and not that of MasTec.  Plaintiffs further state that MasTec performed only "middle-management functions between DIRECTV and [the] technicians," and that MasTec "worked directly in the interest of DIRECTV by passing along scheduling from DIRECTV and providing supervision of the respective technicians."  (Prop. FAC, ¶ 7).  The alleged "contractor files" were "regulated and audited by DIRECTV," DIRECTV "exerted control over the hiring process," and DIRECTV "had the power to refuse to allow a technician to continue to complete work orders, which was tantamount to 'firing' the technician."  (Prop. FAC, ¶¶ 8-9).  Plaintiffs also allege that the "equipment belonged to DIRECTV and the trainings were required by DIRECTV."  With these allegations, Plaintiffs again at best plead control by DIRECTV, and *not* by MasTec.

This Court has already expressly rejected Plaintiffs' argument that they alleged sufficient facts to support an inference that MasTec was a joint employer by alleging that DIRECTV controlled the conditions of their employment *through* Providers like MasTec.  The Court admonished Plaintiffs previously that their allegations of control must be *particular to MasTec*.  But once again, Plaintiffs have failed to plead the necessary facts.  Indeed, the Proposed FAC materially fails to address the pleading deficiencies identified in the Court's April 15 Order.

Plaintiffs continue to fail to state a plausible claim for relief against MasTec under a "joint employment" theory of recovery. Plaintiffs have had ample opportunities to plead plausible claims in this litigation (and prior cases against MasTec), but have repeatedly failed to do so. In light of the parties' long litigation history, Plaintiffs' ongoing failure to plead facts sufficient to support their claims as to MasTec is inexcusable, and further leave to amend should be denied.

## IV.   CONCLUSION

MasTec respectfully requests that the Court deny Plaintiffs' Motion for Leave.

Dated: June 1, 2015               Respectfully submitted,

/s/ *Edward P. Cadagin*
Henry M. Perlowski
GA Bar No. 572393
henry.perlowski@agg.com
Edward P. Cadagin
Georgia Bar No. 647699
Edward.cadagin@agg.com
**Arnall Golden Gregory LLP**
171 17th Street, Suite 2100
Atlanta, GA 30363
Telephone: 404.873.8500

**REED SMITH LLP**
Linda S. Husar (CA # 93989 – *admitted PHV*)
Thomas E. Hill (CA # 100861 – *admitted PHV*)
Christina T. Tellado (CA # 298597 - *admitted PHV*)
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071
Telephone:  213.457.8000
lhusar@reedsmith.com; thill@reedsmith.com; ctellado@reedsmith.com
*Attorneys for Defendants MasTec North America, DirecTV, Inc. and DirecTV, LLC*

**CERTIFICATE OF COMPLIANCE**

By his signature below, and as required by Local Rule 7.1.D., counsel for Defendants DIRECTV, LLC, DIRECTV, Inc. and MasTec North America, Inc. certifies that this document has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1.B, namely, Book Antiqua (13 point).

Respectfully submitted, this the 1st day of June, 2015.

>*/s/ Edward P. Cadagin*
>Edward P. Cadagin

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **DEFENDANT MASTEC NORTH AMERICA, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** was served via **CM/ECF** e-file system on June 1, 2015, addressed to the following counsel on record for Plaintiffs:

David A. Bain
dbain@bain-law.com

George A. Hanson
hanson@stuevesiegel.com

Ryan D. O'Dell
odell@stuevesiegel.com

Adam C. Keating
akeating@duanemorris.com

Michael Tiliakos
mtiliakos@duanemorris.com

Natalie F. Hrubos
nfhrubos@duanemorris.com

Christina J. Fletcher
CJFletcher@duanemorris.com

*/s/ Edward P. Cadagin*
Edward P. Cadagin