# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| BENONI AMPONSAH, RONALD BROOKS, BRUCE CASE, HENRY COOPER, PEDRO DAVILA, ALBERT EXUM, DOMINIQUE FENNELI, CODY GARDINO, JAMES GLADDEN, JODI HODGES, ANTHONY JELKS, AMEER LAWTON, CHARLES MCWILLIAMS, MICKONEN MICKAEL, KERRY PAGE, DEREK PEGUES, HERU TCHAAS, CALVIN WILLIAMS, COURTNEY GAYLE, JOSE ISTURIZ, WINSTON TEW, and OLBIN VELEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>DIRECTV, INC., DIRECTV, LLC, MASTEC NORTH AMERICA, INC., and MULTIBAND CORP.,<br><br>Defendants. | Case No. 1:14 –CV-03314-ODE |

**DEFENDANT MULTIBAND CORPORATION'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF CALVIN WILLIAMS' MOTION FOR LEAVE TO AMEND COMPLAINT**

Defendant Multiband Corporation ("Multiband") respectfully submits this Memorandum of Law in Opposition to the Motion for Leave to Amend Complaint ("Motion for Leave") filed by Plaintiff Calvin William ("Plaintiff"). (Dkt. 49).

## I.     INTRODUCTION

This is a Fair Labor Standards Act ("FLSA") case asserting individual claims against Defendants Multiband, MasTec North America, Inc. ("MasTec"), and DIRECTV, LLC ("DIRECTV") (collectively, "Defendants"). Plaintiff Williams, the only Plaintiff in this case who purports to bring claims against Multiband, filed the instant Motion for Leave in response to the Court's April 15, 2015, Order in which it found that the initial Complaint failed to allege sufficient facts to support Plaintiff Williams' joint employer theory with respect to Multiband. (Dkt. 47). Specifically, the Court concluded that Plaintiff failed to plead sufficient facts to support an inference that Multiband had the necessary control over his position to be liable as his employer under the FLSA.

Indeed, as the Court indicated in dismissing Plaintiff Williams' claims against Multiband, any allegations of "control" set forth in the initial Complaint were directed at DIRECTV, not Multiband. Significantly, the Court noted that Plaintiff Williams had even stated in a combined response to Defendants'

1

motions to dismiss the initial Complaint that DIRECTV, not Multiband, had "complete control over [his] work." (Dkt. 47, at 12). Having done so, he could not then purport to have adequately pled that Multiband also controlled his work. In other words, Plaintiff Williams simply cannot have it both ways. If, as he alleges, DIRECTV had **complete control** over his work, then it is axiomatic that Multiband did not have control.

Plaintiff Williams now submits a proposed First Amended Complaint ("Proposed FAC") which he contends addresses the Court's prior finding that he failed to sufficiently allege any claim against Multiband. It does not. As discussed herein, this Court should deny Plaintiff's Motion for Leave because the Proposed FAC fails to allege a reasonable inference that Multiband employed Plaintiff Williams directly or jointly and, thus, permitting Plaintiff an opportunity to amend is futile.

## II.    BACKGROUND

Plaintiff Williams' claims appear to arise from work orders that he completed for DIRECTV customers while employed or otherwise contractually engaged as a technician by an unnamed third-party subcontractor or other entity. Although the unnamed third-party subcontractor or entity that directly employed or engaged Plaintiff Williams paid him for his work, Plaintiff Williams

2

alleges in conclusory fashion that those unspecified payments were insufficient to satisfy the FLSA's minimum wage and overtime pay requirements and seeks to establish Defendants' liability through a convoluted joint employment theory.

This case was commenced through the filing of the initial Complaint on October 15, 2014.  (Dkt. 1).  In January 2015, Defendants moved to dismiss the Complaint.  (Dkts. 22 and 24).  On April 15, 2015, the Court granted in part and denied in part Defendants' Motions to Dismiss.  (Dkt. 47).  In doing so, the Court specifically found that Plaintiff Williams did not sufficiently allege FLSA claims against Multiband because he failed to establish a reasonable inference that Multiband was Plaintiff's employer for purposes of the FLSA.  Indeed, the Court's Order stated that the initial Complaint provided "very little detail regarding Williams' employment relationship with Multiband," instead "detailing the extent of DIRECTV'S control over his duties as a technician."  (Dkt. 47, at 12).

As referenced above, the Court specifically noted that Plaintiffs' combined response to Defendants' motions to dismiss the initial Complaint "even states that DIRECTV had 'complete control over [the Plaintiffs'] work.'"  (Dkt. 47, at 12).  It simply defies logic to suggest that Multiband exercised control over a particular plaintiff's work, while also pleading that DIRECTV has "complete

3

control" over that plaintiff's work. Plaintiff's statement that DIRECTV has **<u>complete control</u>** over his work is tantamount to him stating that Multiband has **<u>no control</u>**. There is no other way to read that.

Notably, in dismissing the initial Complaint against Multiband, the Court expressly rejected Plaintiff Williams' argument that he had alleged sufficient facts to support an inference that Multiband was a joint employer "by alleging that DIRECTV controlled the conditions of his employment **<u>through</u>** Providers like Multiband." (Dkt. 47, at 12) (emphasis added). Rather, the Court specifically concluded that, to avoid dismissal, Williams is required to "allege sufficient facts **<u>particular to Multiband</u>** that raise a reasonable inference that it exerted sufficient control over his position" which the initial Complaint had failed to do. (Dkt. 47, at 12) (emphasis added).

Based on the Court's findings, it is clear that each Plaintiff must **<u>individually</u>** demonstrate that he has satisfied the pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure and by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ("*Twombly*") and *Ashcraft v. Iqbal*, 556 U.S. 662 (2009) ("*Iqbal*"). Plaintiff Williams' Proposed FAC, however, falls far short of the pleading requirements relying, once again, on generalities, labels and unsupported conclusions that fail to set forth the

4

minimal facts necessary to state a plausible FLSA claim **against Multiband as Plaintiff Williams' employer**.  In particular, the Proposed FAC, among other things, fails to "allege sufficient facts **particular to Multiband** that raise a reasonable inference that it exerted sufficient control over his position."  The Proposed FAC is simply devoid of the necessary specificity to support an inference of an employment relationship between Multiband and Plaintiff Williams.  Despite Plaintiff's opportunity to amend, the Proposed FAC is bereft of any individualized allegations necessary to satisfy the pleading standards of *Iqbal/Twombly* to raise an inference of employment by Multiband.  As such, and as explained more fully herein, this Court should deny Plaintiff Williams' Motion for Leave as such amendment is futile.

### III. PLAINTIFF'S MOTION FOR LEAVE SHOULD BE DENIED BECAUSE THE CLAIMS ASSERTED AGAINST MULTIBAND ARE FUTILE AS A MATTER OF LAW

Although leave to amend is granted liberally, it is not automatic.  *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255 (11th Cir. 2004).  Leave to amend may be denied for numerous reasons, including futility of amendment.  *Foman v. Davis*, 371 U.S. 178 (1962); *see also Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-331 (1971).  The Court should deny Plaintiff's Motion for Leave because if there were facts that Plaintiff could have pled to establish that Multiband was

5

his "employer," Plaintiff would have pled them already. It is clear from the Proposed FAC that no such facts exist because it remains devoid of the necessary individualized allegations (*i.e.*, facts **particular to Multiband** that raise a reasonable inference that it exerted sufficient control over Plaintiff Williams' position). Multiband should not be required to expend any additional time or resources defending the futile claims set forth in Plaintiff's Proposed FAC and leave to amend should be denied.

It is well settled that the FLSA only imposes wage obligations on "employers." Equally clear is that a plaintiff asserting an FLSA claim must plead facts sufficient to demonstrate a defendant's status as an "employer" generally, and as the "employer" of the plaintiff, both as defined by the FLSA. S*ee*, *e.g.*, *Freeman v. Key Largo Volunteer Fire & rescue Dep't, Inc.*, 494 F.App'x 940, 942 (11th Cir. 2012), *cert. denied*, 134 F.3d 462 (2013); *In re Enter. Rent-A-Center Wage & Hour Empl. Litig.*, 683 F.3d 462 (3d Cir. 2012).

Plaintiff Williams has done neither of these things in this case. If there were sufficient facts to establish that Multiband employed him, those facts could have easily been pled in the initial Complaint or the Proposed FAC. In that regard, the Proposed FAC omits several material facts regarding Plaintiff's purported employment with Multiband.

6

As an initial matter, Plaintiff fails to even state the third-party entity that employed him or contractually engaged his services. Moreover, Plaintiff fails to plead any facts concerning the nature of the alleged relationship between Plaintiff and that third-party entity. Plaintiff certainly does not allege facts sufficient to state a claim that he was improperly classified as independent contractors by the third party he (presumably) alleges to have treated him as such. Having failed to establish that he was any entity's "employee" under the FLSA as opposed to "independent contractor" of such entity, he cannot bring claims against Multiband based on a joint employer theory of liability. The minimum wage and overtime requirements of the FLSA are inapplicable to individuals properly classified as independent contractors. Thus, without a properly pled independent misclassification claim, there is no direct employer; without a direct employer, there is no joint employer.

Even assuming *arguendo* that Plaintiff Williams adequately pled that he was "employed" by a third party entity which had a subcontractor relationship with Multiband (he did not), Plaintiff's Proposed FAC still fails to plead facts sufficient to support a plausible inference that Multiband was the joint employer of Plaintiff. The FLSA defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C.

§ 203(d). In determining whether an individual or entity is an employer, courts analyze the "economic realities" of the relationship between the parties. In performing this analysis, courts focus on whether the alleged employer: (1) had the power to hire and fire plaintiff; (2) supervised and controlled plaintiff's work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained plaintiff's employment records. *Layton v. DHL Exp. (USA), Inc.*, 686 F.3d 1172, 1178-81 (11th Cir. 2012); *In re Enter. Rent-A-Center Wage & Hour Empl. Litig.*, 683 F.3d 462, 467-68 (3d Cir. 2012).

Applying the foregoing analysis to Multiband (despite the fact that it is all but impossible to undergo the above analysis without specific allegations concerning the unnamed third-party entity which directly engaged Plaintiff), the Proposed FAC fails with regard to Multiband to plead facts relevant to *any* of the aforementioned most commonly relied upon factors. Rather, Plaintiff Williams does again in the Proposed FAC precisely what resulted in dismissal of Plaintiff Williams' claims the initial Complaint. Specifically, he details **DIRECTV's** alleged "significant control" over his work, but pleads no facts **particular to Multiband's** alleged control over his work, and instead attempts to state a joint employment claim against Multiband solely "by alleging that DIRECTV

controlled the conditions of his employment **through** Providers like Multiband," which the Court has already said he cannot do.

For instance, Plaintiff states that "DIRECTV utilized its Providers' payroll and paycheck systems to administer its piece-rate compensation scheme, including issuing paychecks to Plaintiffs," and that these policies were merely "carried out by the Providers, including MasTec and Multiband." (Prop. FAC, *The Econ. Reality: DIRECTV and the HSP Employ the Technicians through the Provider Network*, ¶ 31). In other words, according to Plaintiff Williams, the "piece-rate compensation scheme," was DIRECTV's, not Multiband's. Plaintiff further alleges that Multiband performed only "middle-management functions between DIRECTV and [the] technicians" and that in that role, Multiband "worked directly in the interest of DIRECTV by passing along scheduling from DIRECTV and providing supervision of the respective technicians." (Proposed FAC, *Defendants' Fissured Emp't Scheme: The Provider Network,* ¶ 7). The alleged "contractor files were regulated and audited by DIRECTV," DIRECTV "exerted control over the hiring process," and DIRECTV "had the power to refuse to allow a technician to continue to complete work orders, which was tantamount to 'firing' the technician." (Proposed FAC, *Defendants' Fissured Emp't Scheme: The Provider Network*, ¶¶ 8-9). Plaintiff also alleges that the "equipment belonged to

9

DIRECTV and the trainings were required by DIRECTV." (Proposed FAC, *Defendants' Fissured Emp't Scheme: The Provider Network,* ¶ 10). With these allegations, Plaintiff is, at best, suggesting control by DIRECTV, <u>not</u> Multiband.

This Court has already expressly rejected Plaintiff Williams' argument that he alleged sufficient facts to support an inference that Multiband was a joint employer "by alleging that DIRECTV controlled the conditions of his employment **<u>through</u>** Providers like Multiband." (Dkt. 47, at 12). The allegations of control must be particular to Multiband. Once again, they are not. On the whole, the Proposed FAC fails to sufficiently address the inadequacies identified in the Court's Order.

Taken together, these pleading admissions and omissions confirm that Plaintiff Williams has failed to state a plausible claim for relief against Multiband under a "joint employment" theory of recovery. Plaintiff has had ample opportunity to plead his claims in this litigation (and prior cases), but has repeatedly failed to do so. In light of the parties' litigation history, Plaintiff's failure to cogently allege their claims as to Multiband is inexcusable.

### IV. CONCLUSION

Multiband respectfully requests that the Court deny Plaintiffs' Motion for Leave as it pertains to Plaintiff Calvin Williams' claims against Multiband.

Dated:  June  1, 2015            Respectfully submitted,

### DUANE MORRIS LLP

*/s/ Adam Keating*
G.A. Bar No. 202672
1075 Peachtree Street NE, Suite 2000
Atlanta, GA 30309-3929
Telephone: 404 293 6916
Email: AKeating@duanemorris.com

Michael Tiliakos (*Admitted Pro Hac Vice*)
N.Y. Bar No. 028791996
Natalie Hrubos (*Admitted Pro Hac Vice*)
P.A. Bar No. 307255
1540 Broadway
New York, N.Y. 10036-4086
Telephone:  (212) 692-1045
Email:  MTiliakos@duanemorris.com
        NHrubos@duanemorris.com

*Attorneys for Defendant Multiband Corporation*

12

**CERTIFICATE OF COMPLIANCE**

By his signature below, and as required by Local Rule 7.1.D., counsel for Defendant Multiband Corporation certifies that this document has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1.B, namely, Book Antiqua (13 point).

Respectfully submitted, this the 1st day of June, 2015.

                                        */s/ Adam C. Keating*
                                        Adam C. Keating

NFHRUBOS/DM2\5671518.2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **DEFENDANT MULTIBAND CORPORATION'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF CALVIN WILLIAMS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** was served via **CM/ECF** e-file system on June 1, 2015, addressed to the following counsel on record for the parties:

| *For the Plaintiffs* | *For DIRECTV, LLC and MasTec North America, Inc.* |
|---|---|
| David A. Bain<br>dbain@bain-law.com | Christina T. Tellado<br>ctellado@reedsmith.com |
| George A. Hanson<br>hanson@stuevesiegel.com | Thomas E. Hill<br>thill@reedsmith.com |
| Ryan D. O'Dell<br>odell@stuevesiegel.com | Linda S. Husar<br>lhusar@reedsmith.com |
| Todd C. Werts<br>werts@learwerts.com | Edward P. Cadagin<br>edward.cadagin@agg.com |
| | Henry Perlowski<br>Henry.Perlowski@agg.com |

                                                                                */s/ Adam C. Keating*
                                                                                Adam C. Keating
                                                                                G.A. Bar No. 202672

Dated: June 1, 2015