# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| BENONI AMPONSAH,<br><br>        **Plaintiffs,**<br><br>v.<br><br>DIRECTV, LLC, et al.,<br><br>        **Defendants.** | Case No.  1:14-cv-03314-ODE |

## AMENDED JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

1.  **Description of Case:**

    (a) **Describe briefly the nature of this action.**

    Action for unpaid wages and overtime pay under the Fair Labor Standards Act.

    On August 12, 2015, the Court granted Plaintiffs leave to file an amended complaint to address deficiencies identified in the Court's April 15, 2015 Order granting in part Defendants' Motion to Dismiss, in which the Court found that Plaintiffs' Complaint failed to allege sufficient facts to support Plaintiffs' joint employer theory with respect to Defendant MasTec North America, Inc. ("MasTec") and Multiband Corporation ("Multiband").

On August 31, 2015, Defendants DIRECTV, LLC, MasTec and Multiband filed Answers to Plaintiffs' First Amended Complaint. (Dkts. 55, 56 and 57)

**(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

**Plaintiffs briefly describe this case as follows:**

Plaintiffs in this case allege that they were members of DIRECTV's nationwide network of installation technicians known as the Home Service Provider Network. Plaintiffs installed and repaired DIRECTV's satellite television equipment in Georgia. Although Plaintiffs ostensibly did their installation work as "independent contractors" or W-2 employees of secondary companies known as Home Service Providers (including Defendants Mastec North America, Inc. and, for one plaintiff, Defendant Multiband Corp.), Plaintiffs allege that DIRECTV effectively controlled each Plaintiff's work assignments, installation procedures, performance standards, and payment policies. Plaintiffs therefore contend that DIRECTV and the HSPs "employed" each Plaintiff under the terms of the FLSA and, hence, are liable to the Plaintiffs for the failure to ensure they were paid properly.

2

Plaintiffs claim that they were not paid properly because the piece-rate-pay system used to compensate their work did not account for all the time they spent performing tasks for DIRECTV's benefit. Also, for the time period that the Plaintiffs were classified as "independent contractors," they were not paid any overtime premium even though they routinely worked over 40 hours a week.

**Defendants briefly describe this case as follows:**

Defendants deny Plaintiffs' allegations and further deny that Plaintiffs' claims have merit. To the extent that Plaintiffs were W2 employees of Defendants, Defendants contend that they were properly compensated. To the extent that Plaintiffs were engaged by a third-party subcontractor or subcontractors, Defendants contend that they did not employ or jointly employ Plaintiffs. Defendants further deny any participation in a so-called scheme, as Plaintiffs have alleged, to avoid compliance with the FLSA. Moreover, based on the face of the Complaint, certain Plaintiffs claims against certain Defendants are time-barred in whole or in part. Defendants also contend that certain Plaintiffs claims are subject to binding arbitration and therefore are barred from pursuing their claims in this court. In addition, Plaintiffs cannot establish that they have been injured or damaged in any way by any Defendant. For the foregoing

reasons, Plaintiffs fail to assert any legally cognizable claim against any Defendant.  Defendants reserve the right to raise additional defenses and affirmative defenses, in response to the Complaint.

**(c)    The legal issues to be tried are as follows:**

**Plaintiffs' position regarding legal issues to be tried:**

1.      Whether Plaintiffs were misclassified as independent contractors?

2.      Whether DIRECTV "employed" Plaintiffs as that term is defined by the Fair Labor Standards Act, 29 U.S.C. §201 et seq.?

3.      Whether the piece rate pay system deprived Plaintiffs of compensation in violation of the FLSA?

4.      Whether Defendants' alleged violation of the FLSA, if proven, was willful?

5.      The extent of Plaintiffs' damages.

**Defendants' position regarding legal issues to be tried:**

1.   Whether certain Plaintiffs are "employees" of any Defendant for purposes of the FLSA?

2.   Whether any Defendant is the "employer" of certain Plaintiffs for purposes of the FLSA?

3. Whether Defendants' piece rate pay system deprives Plaintiffs overtime and minimum wages in violation of the FLSA?

4. Whether Defendants' alleged violations of the FLSA, if proven, were willful?

5. The extent of Plaintiff's damages, if any.

**(d) The cases listed below (include both style and action number) are:**

    **(1)    Plaintiffs identify the following cases as related:**

        a.   *Battle v. DIRECTV*, Case No. 2:14-cv-02007-AKK (N.D. Ala.)

        b.   *Andersen v. DIRECTV*, Case No. 2:14-cv-02307-SRB (D. Ariz.)

        c.   *Roslov v. DIRECTV*, Case No. 4:14-cv-00616-BSM (E.D. Ark.)

        d.   *Acfalle v. DIRECTV*, Case No. 2:13-cv-08108-AB-E (C.D. Cal.)

        e.   *Addison v. DIRECTV*, Case No. 2:13-cv-08109-AB-E (C.D. Cal.)

        f.   *Cooper v. DIRECTV*, Case No. 2:14-cv-08097-AB-E (C.D. Cal.)

        g.   *Aldrich v. DIRECTV*, Case No. 1:14-cv-02854-MJW (D. Colo.)

        h.   *Aulik v. DIRECTV*, Case No. 3:14-cv-01804-VLB (D. Conn.)

i.  *Grettler v. DIRECTV*, Case No. 3:14-cv-01052 (RNC) (D. Conn.)

j.  *Buttita v. DIRECTV*, Case No. 3:14-cv-00566-MCR-EMT (N.D. Fla.)

k.  *Anaya v. DIRECTV*, Case No. 1:14-cv-05703 (N.D. Ill.)

l.  *Hebron v. DIRECTV*, Case No. 1:14-cv-08155 (N.D. Ill.)

m.  *Delgado v. DIRECTV*, Case No. 1:14-01722-SEB-DML (S.D. Ind.)

n.  *Roeder v. DIRECTV*, Case No. 5:14-cv-04091-MWB (N.D. Iowa)

o.  *Renteria-Camacho v. DIRECTV*, Case No. 2:14-cv-02529-CM-JPO (D. Kan.)

p.  *Mabry v. DIRECTV*, Case No. 3:14-cv-00698-JGH (W.D. Ky.)

q.  *Bryan v. DIRECTV*, Case No. 5:14-cv-03063-DEW-MLH (W.D. La.)

r.  *Hall v. DIRECTV*, Case No. 1:14-cv-02355-ELH (D. Md.)

s.  *Lewis v. DIRECTV*, Case No. 1:14-cv-03261-ELH (D. Md.)

t.  *Barbosa v. DIRECTV*, Case No. 1:14-cv-13896-LTS (D. Mass.)

u.  *Dowd v. DIRECTV*, Case No. 2:14-cv-14018-MAG-DRG (E.D. Mich.)

v.  *Schmidt v. DIRECTV*, Case No. 0:14-cv-03000-JRT-JSM (D. Minn.)

w.  *Banks v. DIRECTV*, Case No. 1:14-cv-00398-LG-RHW (S.D. Miss.)

x.   *Cringan v. DIRECTV*, Case No. 5:14-cv-06113-HFS (W.D. Mo.)

y.   *Chesley v. DIRECTV*, Case No. 1:14-cv-00468-PB (D.N.H.)

z.   *DeMarco v. DIRECTV*, Case No. 3:14-cv-04623-PGS-TJB (D.N.J.)

aa.  *Tapia v. DIRECTV*, Case No. 1:14-cv-00939-SCY-GBW (D.N.M.)

bb.  *Mullings v. DIRECTV*, Case No. 1:14-cv-05743-PKC (S.D.N.Y.)

cc.  *Belmont v. DIRECTV*, Case No. 1:14-cv-00889-TDS-LPA (M.D.N.C.)

dd.  *Comer v. DIRECTV*, Case No. 2:14-cv-01986-JLG-TPK (S.D. Ohio)

ee.  *Collins v. DIRECTV*, Case No. 4:14-cv-00635-GKF-TLW (N.D. Okla.)

ff.  *Berger v. DIRECTV*, Case No. 3:14-cv-01661-PK (D. Ore.)

gg.  *Fields v. DIRECTV*, Case No. 2:14-cv-4427-PD (E.D. Pa.)

hh.  *Rapszynski v. DIRECTV*, Case No. 3:14-cv-02441-ARC (M.D. Pa.)

ii.  *Alston v. DIRECTV*, Case No. 3:14-cv-04093-MGL (D.S.C.)

jj.  *Al Azawi v. DIRECTV*, Case No. 4:14-cv-02962 (S.D. Tex.)

kk.  *McCaffery v. DIRECTV*, Case No. 2:14-cv-00877-LA (E.D. Wisc.)

    *ll.*  *Falcetta v. DIRECTV,* Case No. 2:14-cv-01316-LA (E.D. Wisc.)

    *mm. Arnold v. DIRECTV*, Case No. 4:10-cv-00352-JAR (E.D. Mo.)

    *nn.Arndt v. DIRECTV*, Case No. 30-160-00525-11 (AAA, Atlanta, Georgia office)

Defendants do not agree that these cases are related.  Plaintiffs' attorneys filed a Motion for Consolidation and Transfer of 11 of the above cases to the Judicial Panel on Multidistrict Litigation ("MDL") pursuant to 28 U.S.C. § 1407, and indicated in their Motion that they would also seek to have this case (among others) consolidated.  Defendants opposed the MDL consolidation.  On February 6, 2015, the MDL Panel denied the Motion for Consolidation and Transfer based on its findings that individual inquiry and localized discovery efforts were necessary to resolve each Plaintiff's claim.

**(2)    Previously Adjudicated Related Cases:**

    a.  *Lang v. DIRECTV*, Case No. 10-1085-NJB (E.D. La.)

    b.  *In re DIRECTV Wage and Hour Practices*, MDL No. 2594

**2.  This case is complex because it possesses one or more of the features listed below (please check):**

    (1)    Unusually large number of parties;
    (2)    Unusually large number of claims or defenses; and
    (3)    Extended discovery period is needed.

3.  **Counsel:**     The following individually-named attorneys are hereby designated as lead counsel for the parties:

**Plaintiffs:**

David Andrew Bain                         George A. Hanson
Law Office of David A. Bain LLC           Stueve Siegel Hanson, LLP

Ryan D. O'Dell                            Todd C. Werts
Stueve Siegel Hanson, LLP                 Lear Werts LLP

**Defendants DIRECTV, LLC, and Mastec North America, Inc.:**

Edward Patrick Cadagin                    Henry M. Perlowski
Arnall Golden & Gregory                   Arnall Golden & Gregory

Linda S. Husar                            Thomas E. Hill
Reed Smith, LLP                           Reed Smith LLP

Christina T. Tellado
Reed Smith, LLP

**Defendant Multiband Corp.:**

Adam Keating                              Michael Tiliakos
Duane Morris, LLP                         Duane Morris, LLP

Natalie F. Hrubos
Duane Morris, LLP

4.  **Jurisdiction:** Is there any question regarding this Court's jurisdiction?

__x__ Yes            _____ No

Defendants contend that there may be collective bargaining agreements applicable to one or more of the Plaintiffs and that those agreements may deprive the Court of jurisdiction.

Plaintiffs disagree with this proposition.  As the Eleventh Circuit Court of Appeals has described, individual employment rights granted by federal statute cannot be bargained away collectively.  *See Brisentine v. Stone & Webster Engineering Corp.*, 117 F.3d 519, 526-27 (11th Cir. 1997) (applying *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728 (1981)).

5. **Parties to This Action:**

    (a)    **The following persons are necessary parties who have not been joined:**

Defendants anticipate additional parties that should be included are various subcontractors of the named Defendants who directly employed and/or otherwise contractually engaged some of the Plaintiffs during the alleged statutory period.

Plaintiffs disagree that these other entities are necessary parties to this action.

    (b) **The following persons are improperly joined as parties:**

**Defendants' Position:**

Defendants contend that the claims of each Plaintiff asserted in this action should be severed from each other and each Plaintiff's claims should be tried in a separate action

Defendants further contend that they should be severed and the claims of each individual Plaintiff should proceed in separate trials against each Defendant.

**Plaintiffs' Position:**

Plaintiffs contend that they are properly joined in this action as are the defendants.  Severance would only serve to burden the Court and the parties with largely duplicative litigation on similar claims.  Plaintiffs further contend that Defendants request for separate trials is premature.  The issue of separate trials under Fed. R. Civ. Proc. Rule 42 can and should be taken up after discovery is complete, and potentially after dispositive motions applicable to multiple plaintiffs and defendants are resolved.

> (c)   **The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:** Not applicable.

> (d)   **The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of the party's name.**

6. **Amendments to the Pleadings:**   Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

> (a)   **List separately any amendments to the pleadings that the parties anticipate will be necessary:** Not applicable.

11

> **(b)** **Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

7. **Filing Times for Motions:**    All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

   All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

> **(a)** *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.
>
> **(b)** *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.
>
> **(c)** *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.
>
> **(d)** *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

8. **Initial Disclosures:**  The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objections. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

   The parties have exchanged initial disclosures under Rule 26(a).

9.  **Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position for each party.

No party requests a scheduling conference at this time.

10. **Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A Chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

**Please state below the subjects on which discovery may be needed:**

Plaintiffs contend that discovery will be needed on the following topics:

1.  Nature and extent of each Plaintiff's economic dependence on Defendants;

2.  Nature and extent of each Defendants' control over the work performed by Plaintiffs;

3.  The nature of DIRECTV's acquisition of certain former Home Service Providers as it may relate to successor liability issues;

4.  The nature and extent of work performed by Plaintiffs installing and servicing DIRECTV equipment;

5. Amount of money paid to Plaintiffs (or others) for DIRECTV work orders completed by each Plaintiff;

6. Amount of time spent by Plaintiffs performing DIRECTV work orders;

Defendants anticipate taking discovery on:

1. Plaintiffs' alleged claims and damages;

2. Depositions of each of the twenty-two (22) named Plaintiffs;

3. Depositions and fact discovery of the third-party subcontractors who employed or otherwise contractually engaged Plaintiffs.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

Given the number of plaintiffs, and counsel for all parties'

involvement in the related cases, the parties believe that additional time

will be needed to complete discovery. Specifically, the parties request that

a discovery period of 12 months be allowed in this case – **i.e., commencing**

**on September 30 , 2015** (30 days after the date Defendants filed their

Answers to Plaintiffs' First Amended Complaint), **and ending on**

**September 30 , 2016**.

14

11. **Discovery Limitation and Discovery of Electronically Stored Information:**

      (a)    **What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

The parties agree that the presumptive limit of 10 depositions for

each party should be waived in this case.

      (b) **Is any party seeking discovery of electronically stored information?**

          **<u>Yes</u>**        No

If "yes,"

      (1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The parties have discussed the sources and scope of electronically stored information.  Plaintiffs' counsel has previewed the requests that will be made.  Defendants' counsel are investigating their clients' systems.

      (2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

Plaintiffs' counsel has previewed their requests that (1) documents be produced in TIFF format with Summation load files and (2) that other data be produced in machine-readable format.  This does not necessarily mean

"native" format in the most extreme sense.  Rather, in a format that can be analyzed and used by standard spreadsheet and database programs (e.g., comma separate value files (".csv") or Microsoft Excel (".xls" or ".xlsx").

The parties agree that electronically stored information ("ESI"), to the extent requests for such information is reasonable in scope, should be produced in an accessible standard format and on a standard modern media (e.g., email attachment, FTP file transfer, hard drive, CD-ROM, or otherwise).

Defendants contend that no party should be obligated to change or convert ESI to a new or different electronic format to make the information compatible with the requesting party's preferences, computer system, or any other computer system.

Plaintiffs contend that the issue of ESI conversion should be resolved on a case-by-case basis with the parties conferring in good faith to resolve the question without the Court's involvement.

If any ESI is not readable, or requires a proprietary system to read it, the producing party should produce such information in a commonly available electronic format in a readable and searchable form.  Upon a request for ESI, the parties will meet and confer to address such requests and any implicated cost-shifting requirement.

Regarding Rule 26(f)(4), the parties agree that if privileged or other protected information is inadvertently produced, the producing party may by timely notice assert the privilege or protection and obtain return of the material without a waiver.

> In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

12. **Other Orders:** What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

None at this time.

**13. Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was originally held on <u>March 8, 2015</u> and on <u>September 23, 2015</u> following Defendants filing Answers to Plaintiffs' First Amended Complaint, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For Plaintiff: Lead Counsel (signature):   <u>/s/ Todd C. Werts</u>

For Defendant: Lead Counsel (signature):  <u>/s/Christina Tellado</u>

<u>/s/ Natalie Hrubos</u>

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

The parties believe that mediation with a private mediator experienced with wage and hour disputes may be appropriate in this case.

(c) Counsel (      xxx   ) do or (     ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is on or around April15, 2016.

(d) The following specific problems have created a hindrance to settlement of this case:

**14. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (    ) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 2015.

(b) The parties ( xxx    ) do not consent to having this case tried before a magistrate judge of this Court.

For Plaintiff:                                    /s/ Todd C. Werts _____
___

For Defendants:                              /s/Christina T. Tellado _____

                                                       /s/ Michael Tiliakos _____

                                                       /s/ Natalie Hrubos _____

Dated:  September 24, 2015              Respectfully submitted,

                                                       **LAW OFFICES OF DAVID A. BAIN, LLC**
                                                            /s/ David A. Bain
                                                       By_____
                                                       David A. Bain
                                                       Georgia Bar No. 032449
                                                       1050 Promenade II
                                                       1230 Peachtree Street, NE
                                                       Atlanta, GA  30309
                                                       Telephone:  404-724-9990
                                                       Facsimile:  404-724-9986
                                                       Email:  dbain@bain-law.com

                                                       **STUEVE SIEGEL HANSON LLP**
                                                       George A. Hanson, *admitted pro hac vice*
                                                       460 Nichols Road
                                                       Kansas City, MO  64112
                                                       Telephone:  816-714-7100
                                                       Email:  hanson@stuevesiegel.com

Ryan D. O'Dell, *admitted pro hac vice*
550 West C, Suite 1750
San Diego, CA 92101
Telephone: 619-400-5822
Email: odell@stuevesiegel.com

**LEAR WERTS LLP**

/s/ Todd C. Werts
By_____
Todd C. Werts, *admitted pro hac vice*
2003 W. Broadway, Ste. 107
Columbia, MO 65203
Telephone: 573-875-1991
Facsimile: 573-875-1985
Email: werts@learwerts.com
*Attorneys for Plaintiffs*

**ARNALL GOLDEN GREGORY LLP**

/s/ Edward P. Cadagin
By_____
Edward P. Cadagin,
Georgia Bar No. 647699
Henry M. Perlowski
Georgia Bar No. 572393
171 17TH Street, N.W. Suite 2100
Atlanta, GA 30363
Telephone: 404-873-8500
Facsimile: 404-873-8501
Email: Edward.cadagin@agg.com
Email: Henry.perlowski@agg.com

**REED SMITH LLP**

Linda S. Husar, *admitted pro hac vice*
CA Bar No. 93989
Thomas E. Hill, *admitted pro hac vice*
CA Bar No. 100861

19

Christina T. Tellado, *admitted pro hac vice*
CA Bar No. 298597
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Telephone: 213.457.8000
Email:  lhusar@reedsmith.com
Email:  thill@reedsmith.com
Email:  ctellado@reedsmith.com

*Attorneys for Defendants MasTec North
America Inc. and DirecTV, LLC*

**DUANE MORRIS LLP**

/s/  Adam Keating
By_____
Adam Keating
G.A. Bar No. 202672
1075 Peachtree Street NE, Suite 2000
Atlanta, GA 30309-3929
Telephone: 404 293 6916
Email: AKeating@duanemorris.com

Michael Tiliakos (pro hac vice)
N.Y. Bar No. 028791996
Natalie Hrubos (pro hac vice)
P.A. Bar No. 307255
1540 Broadway
New York, N.Y. 10036-4086
Telephone: (212) 692-1045
Email: MTiliakos@duanemorris.com
Email:  NHrubos@duanemorris.com

*Attorneys for Defendant Multiband
Corp.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was served on all attorneys of record via the Court's electronic case filing system on September 24, 2015.

/s/ Edward P. Cadagin

*Attorneys for Defendants MasTec North America Inc. and DirecTV, LLC*